**Love W. MITCHELL etc, Plaintiff,**

v.

**FIRST NATIONAL BANK OF DOZIER et al, Defendants.**

**Civ. A. No. 80–365–N.**

United States District Court,
M. D. Alabama, N. D.

Jan. 19, 1981.

Allen W. Howell, Montgomery, Ala., for plaintiff.

Alton L. Turner, Luverne, Ala., for defendants First Nat. Bank of Dozier and Bill Martin.

Emily Gassenheimer, Lawrence F. Gardella, Montgomery, Ala., for defendant Patricia Mitchell.

ORDER

HOBBS, District Judge.

The above styled cause is now before the Court on defendant Patricia Mitchell's motion for judgment on the pleadings, filed herein on January 14, 1981. Defendants

Martin and First National Bank of Dozier have joined in defendant Mitchell's motion. Upon consideration of the issues raised by defendants' motion, the Court is of the opinion that plaintiff's suit should be dismissed for want of subject matter jurisdiction.

Plaintiff's complaint charges defendants with violations of the Federal Deposit. Insurance Act, 12 U.S.C. § 1811 et seq. (hereinafter referred to as the "FDIA"); the Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq. (hereinafter referred to as the "FCRA"); breach of contract; and tortious interference with a contract. Plaintiff argues that federal jurisdiction exists under 28 U.S.C. § 1331(a) and the jurisdictional section of the FCRA, 15 U.S.C. § 1681p. In other words, plaintiff contends that his suit involves claims arising under federal law. This Court does not agree.

■ Count I of plaintiff's complaint alleges violations of the record keeping requirements of the FDIA. The Act in question, however, provides no private right of action in favor of persons in plaintiff's position. Plaintiff has pointed to no authority indicating that such a private right of action exists. Nor has plaintiff asked this Court to find an implied private right of action under the FDIA. Even assuming plaintiff had urged the Court to make such a finding, the teachings of *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975) argue against the implication of any private remedy in plaintiff's favor. For this reason, the Court concludes that plaintiff has failed to state a claim against any of the defendants under the FDIA.

■ Counts II and III of plaintiff's complaint allege violations of the FCRA. Imposition of civil liability for violations of this Act are governed by two specific sections, §§ 1681n and 1681o. Section 1681n provides;

> Any *consumer reporting agency* or *user of information* which willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer . . . . (emphasis added)

Section 1681o adopts the same language in imposing civil liability for "negligent" noncompliance. Both sections limit liability to "consumer reporting agencies" or "users of information" furnished by consumer reporting agencies. Plaintiff has not alleged that any of the defendants are parties engaged in activities covered by § 1681n or § 1681o; i. e. either (1) a consumer reporting agency or (2) a user of information furnished by such an agency. Nor does the Court believe that plaintiff could make any colorable allegations to that effect.

Section 1681a(f) defines the term "consumer reporting agency" to include only persons or organizations that engage on a regular basis in assembling or evaluating consumer credit information in order to furnish consumer reports to third parties. None of the defendants engages in such activity. Nor does any defendant fall within the other group of individuals or organizations covered by §§ 1681n and 1681o; i. e., users of information gathered by consumer credit reporting agencies. Plaintiff alleges only that defendants *furnished* certain information to a credit reporting agency. Parties who do no more than furnish such information are simply not covered by these sections of the FCRA.

Plaintiff's argument in favor of imposing civil liability in this case rests on § 1681h(e), which reads in part:

> Except as provided in sections 1681n and 1681o of this title, *no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, except as to false information furnished with malice or willful intent to injure such consumer.

Plaintiff contends that § 1681h(e) creates a *federal* cause of action in his favor against any party who furnishes false information

to a consumer reporting agency with "malice" or "willful intent to injure" the plaintiff. The Court cannot agree with this interpretation of § 1681h(e).

First, the very title of § 1681h(e)—"Limitation of liability"—indicates that this subsection was not intended to create a separate federal cause of action. More importantly, the language of the provision when read carefully points to the same conclusion. In subsection h(e) of § 1681, Congress intended only to limit state common law actions which might be brought by consumers on the basis of information obtained under certain reporting requirements of the FCRA. By subsection h(e), Congress chose to limit those state causes of action, "in the nature of defamation, invasion of privacy, or negligence," based on information "disclosed pursuant to section 1681g, 1681h, or 1681m" of the FCRA to cases where false information is "furnished with malice or willful intent to injure" the consumer. In short, Congress intended that the section invoked by plaintiff be used as a shield against actions at common law, when the information giving rise to the cause of action is obtained by the complainant pursuant to the provisions of the Act. Congress created an exception to this shield when information is "furnished with malice or willful intent to injure," but no basis exists for altering the shield of § 1681h(e) into the sword now sought by the plaintiff. Section 1681h(e) addresses itself only to the availability of state causes of action when the basis of those suits rests on information disclosed pursuant to the Act. For this reason, the Court concludes that plaintiff has failed to state a federal cause of action under the FCRA.

Plaintiff's remaining claims all rest on state law. Since no independent basis of federal jurisdiction exists, these claims are due to be dismissed. The counterclaim of defendant Martin does not state a federal cause of action and is also due to be dismissed. It is, therefore,

ORDERED that defendants' motion to dismiss be and the same is hereby granted.

It is further ORDERED that plaintiff's complaint and defendant Martin's counterclaim be and the same are hereby dismissed without prejudice.

It is further ORDERED that costs incurred in this proceeding be and they are hereby taxed against the plaintiff, for which execution may issue.