**Joshua FREEMAN and Murdie Freeman**

v.

**SOUTHERN NATIONAL BANK.**

Civ. A. No. 81–2602.

United States District Court, S. D. Texas, Houston Division.

Jan. 26, 1982.

---

Carnegie H. Mims, Jr., Jefferson, Sherman & Mims, Houston, Tex., for plaintiffs.

O. Clayton Lilienstern, Andrews, Kurth, Campbell & Jones, Houston, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

CIRE, District Judge.

Plaintiffs brought this action seeking relief under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*, and the Texas Deceptive Trade Practices Act, Tex.Bus. & Comm.Code §§ 17.50 *et seq.* Defendant filed a motion to dismiss the Fair Credit Reporting Act claim for failure to state a claim upon which relief can be granted; the motion was supported by an affidavit. Counsel were notified by order of December 22, 1981 that the motion would be treated as one for summary judgment, but to date there has been no reply from Plaintiffs. Defendant's motion also seeks dismissal of the pendant state claim.

The crux of Plaintiffs' complaint is that Defendant bank, despite being fully paid on an automobile loan and having released the certificate of title to the automobile, continues to report the loan to the Credit Bureau of Greater Houston as uncollectible. This information has been disseminated by the Credit Bureau in the form of adverse credit reports.

The Fair Credit Reporting Act imposes on consumer reporting agencies the duty of following reasonable procedures to assure the accuracy of consumer reports. 15 U.S.C. § 1681e(b). The Court has jurisdiction to enforce any duty imposed by the Act. 15 U.S.C. § 1681p. The Defendant alleges, however, that the bank in this case is not a consumer reporting agency, nor is the disputed information a consumer report as defined by the Act.

It is clear that the bank could be, under certain circumstances, a consumer reporting agency, which is defined as:

"... any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages ... in the practice of assembling or evaluating consumer credit information ... for the purpose of furnishing *consumer reports* to third parties ...." 15 U.S.C. § 1681a(f). (emphasis added).

Specifically excluded from the definition of consumer report is the type of information at issue here. "The term [consumer report] does not include ... any report containing information solely as to transactions or experiences between the consumer and the person making the report." 15 U.S.C. § 1681a(d). Thus, where the bank is furnishing information based solely on its own experience with the consumer, the information is not a consumer report and the bank is not in those circumstances a consumer reporting agency.

The complaint does not allege that the bank conveyed any information other than that based on its own credit experience with the Plaintiffs. The bank's affidavit confirms that the information was de-

veloped solely from the bank's own records. The Court concludes that no consumer report was issued by the bank and thus Plaintiffs failed to state a claim against the bank under the Act.

The Court notes that consumers faced with the situation set forth in the complaint are not without a remedy. The Act provides for consumer access to credit information, 15 U.S.C. § 1681g, and an opportunity to correct erroneous reports or at least to file a statement disputing the accuracy of information supplied by the agency's sources. 15 U.S.C. § 1681i.

Moreover, actions at common law are not pre-empted if false information is conveyed with wilful intent to injure the consumer. 15 U.S.C. § 1681h(e). *Hood v. Dun & Bradstreet, Inc.*, 486 F.2d 25 (5th Cir. 1973). Section 1681h(e) provides:

"Except as provided in ... [15 U.S.C. §§ 1681n and 1681o], no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to ... [15 U.S.C. §§ 1681g, 1681h, or 1681m], except as to false information furnished with malice or wilful intent to injure such consumer."

Some courts have read § 1681h(e) as permitting an action under the Act against a source who maliciously provides false information to a consumer reporting agency. *Retail Credit Company v. Dade County, Florida*, 393 F.Supp. 577 (S.D.Fla.1975). *See Peller v. Retail Credit Company*, 359 F.Supp. 1235 (N.D.Ga.1973), *aff'd without op.*, 505 F.2d 733 (5th Cir. 1974). But § 1681h(e) must be read in the context of the jurisdictional statute, § 1681p, which authorizes the Court to "enforce any liability created under [the Act]," and §§ 1681n and 1681o, which impose civil liability only on consumer reporting agencies or users of information for negligent and wilful viola-

tions of duties imposed by the Act. It appears to this Court that the Act itself imposes no affirmative duties on sources such as the Defendant bank if the information they provide is not a consumer report. Rather, § 1681h(e) grants such sources a qualified immunity from common law actions based on information which a consumer reporting agency was required by the Act to disclose. This immunity, which covers sources, reporting agencies and users of the information is the *quid pro quo* for compulsory disclosure. The immunity does not apply to common law actions based on false information furnished with malice and wilful intent to injure the consumer, even if the information was discovered pursuant to the Act's disclosure requirements.

Having concluded that Plaintiffs fail to state a claim for relief under the Fair Credit Reporting Act, the Court accordingly orders the claim DISMISSED.

The pendant state claim under the Texas Deceptive Trade Practices Act is also DISMISSED.