[No. B009160. Second Dist., Div. Seven. June 19, 1986.]

CELESTINA CORTEZ PULVER, Plaintiff and Appellant, v.
AVCO FINANCIAL SERVICES, Defendant and Respondent.

628

**COUNSEL**

Kinkle, Rodiger & Spriggs and John V. Hager for Plaintiff and Appellant.

Styskal, Wiese & Melchione, Alvin O. Wiese, Jr., Memel, Jacobs, Pierno, Gersh & Ellsworth and Morton G. Rosen for Defendant and Respondent.

**OPINION**

**LILLIE, P. J.**—Plaintiff, Celestina Cortez Pulver, appeals from judgment of dismissal entered after the trial court sustained the demurrer of defendant, Avco Financial Services, to all causes of action of the third amended complaint without leave to amend.[1]

### FACTUAL AND PROCEDURAL BACKGROUND

The third amended complaint contained four causes of action. The first cause of action, breach of implied covenant of good faith and fair dealing, alleged: Defendant is a corporation doing business as a lender. Plaintiff entered into written loan agreements with defendant in September 1977, November 1977, May 1978, November 1979 and January 1980. On or about September 1, 1979, defendant entered into a written loan agreement with plaintiff's adult sister, Cathleen Cortez.[2] Plaintiff was not a party to that agreement, was not a guarantor or cosignor thereof, and had no legal duties to defendant under its loan agreement with Cathleen Cortez. At all times defendant knew that the debt of Cathleen Cortez was not plaintiff's debt and that defendant had no right to collect said debt from plaintiff. Despite such knowledge defendant maliciously did the following acts: Commencing in or about May 1980, and for many months thereafter, defendant tried to force plaintiff to pay Cathleen's debt, threatened to damage plaintiff's credit because of said debt, made harassing telephone calls and sent harassing and

---

[1]While plaintiff purports to appeal from the order sustaining the demurrer, we deem the notice of appeal to refer to the judgment of dismissal. (See discussion, heading I, "Motion to Dismiss the Appeal," *post.*)

[2]Attached as exhibits to the third amended complaint, but not incorporated therein, were copies of writings evidencing the alleged loan agreements between defendant and plaintiff and defendant and plaintiff's sister Cathleen Cortez.

threatening writings to plaintiff pertaining to said debt, and engaged in other activities "the details of which will be shown by evidence at trial." Further, for a period of at least one year after May 1980, defendant intentionally reported to credit reporting agencies that plaintiff had failed to pay Cathleen's debt, with knowledge that said debt was not that of plaintiff. Defendant did the foregoing acts with malice and a specific intent to harm plaintiff. By its conduct defendant breached the covenant of good faith and fair dealing implied in the loan agreements "identified above." As a result of such conduct plaintiff was denied credit, suffered permanent damage to her credit rating, was publicly humiliated, sustained physical and psychological injury, incurred medical expenses, suffered loss of earnings and earning capacity, and sustained economic damage because of her inability to obtain credit for the purchase of goods and services. Defendant acted in conscious disregard of plaintiff's rights, subjecting plaintiff to "cruel and unjust hardship," with the knowledge that the debt in question was not that of plaintiff. Accordingly, plaintiff is entitled to punitive damages.

The foregoing allegations were incorporated into the second cause of action (intentional infliction of emotional distress), the third cause of action (defamation of character), and the fourth cause of action (intentional misrepresentation), each of which alleged additional facts pertinent to the particular cause of action which plaintiff attempted to state.

Defendant demurred generally and specially to each cause of action. The demurrer was sustained without leave to amend as to all causes of action on all grounds stated in the demurrer. Judgment of dismissal followed. Plaintiff appeals.

DISCUSSION

I

MOTION TO DISMISS THE APPEAL

Defendant moves to dismiss the appeal on three grounds, none of which is valid.

First, defendant argues the appeal must be dismissed because it was taken from the order sustaining the demurrer, a nonappealable order (*People ex rel. Rominger* v. *County of Trinity* (1983) 147 Cal.App.3d 655, 658 [195 Cal.Rptr. 186]); while the ensuing judgment of dismissal is appealable (*Wilson* v. *Household Finance Corp.* (1982) 131 Cal.App.3d 649, 651 [182 Cal.Rptr. 590]), it was rendered and entered after the notice of appeal was filed and plaintiff fails to show good cause for treating the notice of appeal

as filed immediately after entry of the judgment pursuant to rule 2(c), California Rules of Court.[3] This contention was answered in *American Motorists Ins. Co.* v. *Cowan* (1982) 127 Cal.App.3d 875 [179 Cal.Rptr. 747], in language applicable to the circumstances of the present case: "[T]here is a well recognized policy in favor of resolving appeals on their merits [citations] and, generally, little by way of 'good cause' has been required in the decisions applying rule 2(c). [Citations.] Here ample 'good cause' appears for treating the notice of appeal from the minute order as being from the judgment subsequently ordered. There is no claim or indication that [respondent] was misled or in any way prejudiced, and it failed to raise the problem by a motion to dismiss at a time when the defect could be cured by the filing of a timely notice of appeal from the judgment. If the present appeal were dismissed, the judgment . . . would stand affirmed immune from appellate review. [Citation.]" (Pp. 882-883.) We treat plaintiff's notice of appeal from the order sustaining the demurrer as a premature but valid notice of appeal from the subsequent judgment of dismissal. (See *Turpin* v. *Sortini* (1982) 31 Cal.3d 220, 224, fn. 2 [182 Cal.Rptr. 337, 643 P.2d 954].)

■ On August 21, 1984, plaintiff filed notice of election to prosecute this appeal on an appendix in lieu of clerk's transcript (Cal. Rules of Court, rule 5.1). The appendix was required to be filed within 70 days thereafter (rules 5.1(e), 16(a)), or by October 30, 1984, but was not filed until January 24, 1986, more than a year after the filing of the notice of election; it does not appear that plaintiff was granted an extension of time within which to file the appendix. Defendant moves to dismiss the appeal on the further ground of plaintiff's tardiness in filing the record on appeal. (See rule 10(c).) Insofar as dismissal is sought on that ground the motion is denied, having been made more than two and a half months after the appendix was filed in this court. "No record other than that provided by the clerk's transcript now on file will be required for determination of the appeal. The fact that the clerk's transcript was on file at the time respondent's motion for dismissal was presented is a sufficient reason for denying the motion." (*Steiner* v. *Davis* (1937) 21 Cal.App.2d 334, 335 [69 P.2d 184]. See also *Holmes* v. *Saunders* (1952) 114 Cal.App.2d 389, 391 [250 P.2d 289]; *Walker* v. *Etcheverry* (1940) 39 Cal.App.2d 188, 189 [102 P.2d 758].)

■ As the final ground of its motion to dismiss the appeal, defendant notes that the appendix contains material which is not part of the record in

---

[3]Rule 2(c) of the California Rules of Court reads: "A notice of appeal filed prior to entry of the judgment, but after its rendition, shall be valid and shall be deemed to have been filed immediately after entry. A notice of appeal filed prior to rendition of the judgment, but after the judge has announced his intended ruling, may, in the discretion of the reviewing court for good cause, be treated as filed immediately after entry of the judgment."

the trial court and plaintiff's opening brief improperly makes arguments relying on such material. As a general rule, documents not before the trial court cannot be included as part of the record on appeal and thus must be disregarded as beyond the scope of appellate review. (*Doers* v. *Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 184, fn. 1 [151 Cal.Rptr. 837, 588 P.2d 1261]; *Foster* v. *Civil Service Com.* (1983) 142 Cal.App.3d 444, 449 [190 Cal.Rptr. 893]; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 250, pp. 256-257.) Likewise disregarded are statements in briefs based on matter improperly included in the record on appeal. (See *Dodd* v. *Henkel* (1978) 84 Cal.App.3d 604, 606-607, fn. 1 [148 Cal.Rptr. 780]; *Oldenkott* v. *American Electric, Inc.* (1971) 14 Cal.App.3d 198, 207 [92 Cal.Rptr. 127].) Accordingly, we decline to dismiss the appeal for the defects noted by defendant; instead, we ignore such defects and consider the brief as if it were properly prepared. (See Cal. Rules of Court, rule 18.)

The motion to dismiss the appeal is denied.

## II

### PROPRIETY OF ORDER SUSTAINING DEMURRER

■ Inasmuch as the trial court sustained the demurrer without leave to amend in general terms, we must assume that the court ruled only on the general demurrer and not on the special demurrer. (*Briscoe* v. *Reader's Digest Association, Inc.* (1971) 4 Cal.3d 529, 544 [93 Cal.Rptr. 866, 483 P.2d 34, 57 A.L.R.3d 1]; *Jackson* v. *State Farm Mutual Auto. Ins. Co.* (1983) 148 Cal.App.3d 1179, 1184 [196 Cal.Rptr. 474].)

■ An order sustaining a general demurrer will be upheld if any of the grounds stated therein is well taken. (See *Green* v. *City of Livermore* (1981) 117 Cal.App.3d 82, 89 [172 Cal.Rptr. 461]; *H & M Associates* v. *City of El Centro* (1980) 109 Cal.App.3d 399, 404 [167 Cal.Rptr. 392]; *Wheeler* v. *County of San Bernardino* (1978) 76 Cal.App.3d 841, 846, fn. 3 [143 Cal.Rptr. 295].) ■ However, the complaint must be liberally construed and survives a general demurrer if it states a cause of action on any theory. (*C & H Foods Co.* v. *Hartford Ins. Co.* (1984) 163 Cal.App.3d 1055, 1062 [211 Cal.Rptr. 765].) With these principles in mind, we consider the sufficiency of the allegations of the third amended complaint as against the general demurrer.

*Grounds of Demurrer Directed to More Than One Cause of Action*

*A. Preemption by Regulatory Statutes*

■ ■ ■ ■ ■ As a ground of general demurrer to all causes of action defendant asserted that plaintiff's right to relief, if any, is governed

by the federal Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.)[4] and California's Consumer Credit Reporting Agencies Act (Civ. Code, § 1785.1 et seq.); accordingly, defendant argued, no cause of action is stated on any theory inasmuch as plaintiff did not allege that she availed herself of the right, provided by such statutes, to have the credit reporting agencies investigate the disputed information regarding her sister's debt supplied by defendant to the agencies. (See 15 U.S.C. § 1681i; Civ. Code, § 1785.16.) The demurrer was improperly sustained on that ground.

The federal act provides: "Any *consumer reporting agency or user of information* which willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer . . . ." (15 U.S.C. § 1681n; italics added.) Liability for negligent noncompliance is imposed in the same language. (§ 1681*o*.) Thus, liability is limited to consumer reporting agencies[5] or users of information furnished by consumer reporting agencies. Plaintiff did not allege that defendant is either a consumer reporting agency or a user of information furnished by such agency. Instead, it was alleged that defendant "reported" to credit reporting agencies that plaintiff failed to pay her sister's debt. Parties who do no more than furnish information to a credit reporting agency are not covered by the federal act. (*Rush* v. *Macy's New York, Inc.* (11th Cir. 1985) 775 F.2d 1554, 1557; *Mitchell* v. *First Nat. Bank of Dozier* (M.D.Ala. 1981) 505 F.Supp. 176, 177-178.)

The California act provides: "Any applicant who suffers damages as a result of a violation of this title by *any person,* may bring an action in a court of appropriate jurisdiction against such person . . . ." (Civ. Code, § 1785.31, subd. (a); italics added.) This provision gives the consumer an action for damages against a credit reporting agency or a user of information for violation of its provisions (2 Witkin, Summary of Cal. Law (8th ed. 1984 Supp.) Sales, § 260A, p. 255); it does not extend liability to one who furnishes information to a credit reporting agency. Such conclusion is supported by the provisions of the act, which defines "person" as "any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity." (Civ.

---

[4]Courts of the several states have jurisdiction concurrent with that of federal courts to entertain actions for the enforcement of liability created by the act. (See 15 U.S.C. § 1681p; *Emerson* v. *J. F. Shea Co.* (1978) 76 Cal.App.3d 579, 589 [143 Cal.Rptr. 170].)

[5]"Consumer reporting agency" is defined as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties . . . ." (15 U.S.C. § 1681a(f).)

California's Consumer Credit Reporting Agencies Act defines "consumer credit reporting agency" in virtually identical terms. (Civ. Code, § 1785.3, subd. (d).)

Code, § 1785.3, subd. (a).) This definition is silent as to the function of any of the enumerated entities in the credit reporting procedure; it does not include, either expressly or by implication, one who furnishes information to a credit reporting agency. Further, the purpose of the act is to regulate consumer credit reporting agencies, not those who furnish information to such agencies. (See Civ. Code, § 1785.1.) In light of that purpose, the Legislature's apparent intent in specifying that a right of action exists against "any person" for violation of the act (§ 1785.31, subd. (a)) was not to impose liability on a supplier of information to a credit reporting agency, but merely to make it clear that an action could be brought against a credit reporting agency regardless of the form under which it transacts business.

The California act further provides: "Except as provided in Section 1785.31, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or *any person who furnishes information to a consumer reporting agency,* based on information disclosed pursuant to Sections 1785.10 [inspection of files by consumer], 1785.15 [time and manner of supplying files and information] or 1785.20 [disclosure to consumer of source of report and nature of information] of this title, except as to false information furnished with malice or willful intent to injure such consumer." (Civ. Code, § 1785.32; italics added.) In construing a provision of the federal act (15 U.S.C. § 1681h(e))[6] identical to the foregoing statute in all material respects, the United States District Court rejected the contention that such provision creates a cause of action against a person who furnishes false information to a consumer reporting agency with the specified intent. Said the court: ". . . Congress intended that the section invoked by plaintiff be used as a shield against actions at common law, when the information giving rise to the cause of action is obtained by the complainant pursuant to the provisions of the Act. Congress created an exception to this shield when information is 'furnished with malice or willful intent to injure,' but no basis exists for altering the shield of § 1681h(e) into the sword now sought by the plaintiff. Section 1681h(e) addresses itself only to the availability of state causes of action when the basis of those suits rests on information disclosed pursuant to the Act." (*Mitchell* v. *First Nat. Bank of Dozier, supra,* 505 F.Supp. 176, 178.) It is presumed the Legislature intended that

---

[6]Section 1681h, subdivision (e): "Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, except as to false information furnished with malice or willful intent to injure such consumer."

a like interpretation be given to Civil Code section 1785.32 which was patterned after the federal statute. (See *Kaplan's Fruit & Produce Co.* v. *Superior Court* (1979) 26 Cal.3d 60, 73 [160 Cal.Rptr. 745, 603 P.2d 1341].)

## B. Statute of Limitations

■■■ Defendant demurred to the second and third causes of action (intentional infliction of emotional distress and defamation of character, respectively) on the ground they are barred by the one-year statute of limitations. (Code Civ. Proc., § 340, subd. (3); see also *Scannell* v. *County of Riverside* (1984) 152 Cal.App.3d 596, 616 [199 Cal.Rptr. 644]; *Edwards* v. *Fresno Community Hosp.* (1974) 38 Cal.App.3d 702, 705 [113 Cal.Rptr. 579, 3 A.L.R.4th 1209].)

The complaint herein was filed in November 1981.[7] The second and third causes of action of the third amended complaint alleged that "commencing in approximately May, 1980 . . . and thereafter continu[ing] for a period of many months [and] . . . over a period of at least one year after May of 1980," defendant engaged in the conduct which forms the basis of those causes of action. The second amended complaint alleged that such conduct commenced in approximately December 1979 and continued "for a period of several months [and] . . . over a period of at least one year after December of 1979." ■■■ Inasmuch as a party may not amend a pleading to contradict an allegation made in an earlier version of the pleading (see *Liptak* v. *Diane Apartments, Inc.* (1980) 109 Cal.App.3d 762, 775 [167 Cal.Rptr. 440]), plaintiff is bound by the latter allegation. ■■■ Nevertheless, the demurrer to the second and third causes of action cannot be upheld on the basis of the one-year limitation period of section 340, subdivision (3). "'[A] demurrer on the ground of the bar of the statute of limitations does not lie where the complaint merely shows that the action may have been barred. It must appear affirmatively that, upon the facts stated, the right of action is necessarily barred.' [Citations.]" (*Valvo* v. *University of Southern California* (1977) 67 Cal.App.3d 887, 895 [136 Cal.Rptr. 865]; see also *Moseley* v. *Abrams* (1985) 170 Cal.App.3d 355, 359-360 [216 Cal.Rptr. 40]; *Baright* v. *Willis* (1984) 151 Cal.App.3d 303, 311 [198 Cal.Rptr. 510].) Inasmuch as the second and third causes of action alleged that defendant's conduct continued for a period of at least one year after December 1979, it does not appear affirmatively that such causes of action necessarily are barred by limitations. "The broad allegation of time may be the product of imaginative

---

[7]In violation of the requirements of rule 5.1(c)(1), California Rules of Court, the documents in the appendix do not bear the clerk's date-stamp, nor are they conformed to show the date of filing in the trial court. In their respective briefs the parties agree that the complaint was filed November 10, 1981.

pleading, however, it creates a factual situation in respect to whether or not the action is barred by the provisions of [the applicable statute of limitations] that must be resolved by the court or jury." (*Liptak* v. *Diane Apartments, Inc., supra,* 109 Cal.App.3d 762, 775.)

### Demurrer to First Cause of Action

▪ Defendant demurred to the first cause of action (breach of implied covenant of good faith and fair dealing) on the ground it did not allege that defendant did anything to deprive plaintiff of the benefit of the loan contracts of the parties.

▪ "In addition to the duties imposed on contracting parties by the express terms of their agreement, the law implies in every contract a covenant of good faith and fair dealing. [Citations.] The implied promise requires each contracting party to refrain from doing anything to injure the right of the other to receive the benefits of the agreement. [Citations.] The precise nature and extent of the duty imposed by such an implied promise will depend on the contractual purposes." (*Egan* v. *Mutual of Omaha Ins. Co.* (1979) 24 Cal.3d 809, 818 [157 Cal.Rptr. 482, 598 P.2d 452].) ▪ The first cause of action alleged that defendant, by threatening to damage plaintiff's credit standing and doing the other acts described therein, breached the covenant of good faith and fair dealing implied in the loan agreements between the parties. The terms of such agreements were not pleaded. For all that appears from the allegations of the first cause of action the only benefit to be derived by plaintiff from the loan agreements was that which is implied from the customary purpose of such agreements— receipt of sums of money from the lender. No facts were alleged from which it could be inferred that one of the purposes of the agreements was to prevent defendant from taking action or making statements damaging to plaintiff's credit standing; nor do copies of the loan agreements attached to the third amended complaint reveal such a purpose. Under these circumstances the allegation that defendant by its conduct breached the implied covenant of good faith and fair dealing is but a conclusion of fact or law which must be ignored in determining the sufficiency of the complaint as against the general demurrer. (See *Gruenberg* v. *Aetna Ins. Co.* (1973) 9 Cal.3d 566, 572 [108 Cal.Rptr. 480, 510 P.2d 1032].)

The demurrer to the first cause of action was properly sustained.

### Demurrer to Second Cause of Action

▪ Defendant demurred to the second cause of action (intentional infliction of emotional distress) on the ground it failed to allege outrageous conduct on defendant's part.

One element of the tort of intentional infliction of emotional distress is outrageous conduct, and in order to satisfy that element defendant's conduct must be so extreme as to exceed all bounds of that usually tolerated in a civilized community. (*Ricard* v. *Pacific Indemnity Co.* (1982) 132 Cal.App.3d 886, 895 [183 Cal.Rptr. 502].) Behavior may be considered outrageous if a defendant (1) abuses a relation or position which gives him power to damage the plaintiff's interest; (2) knows the plaintiff is susceptible to injury through mental distress; or (3) acts intentionally or unreasonably with the recognition that the acts are likely to result in illness through mental distress. (*Agarwal* v. *Johnson* (1979) 25 Cal.3d 932, 946 [160 Cal.Rptr. 141, 603 P.2d 58]; *Wallis* v. *Superior Court* (1984) 160 Cal.App.3d 1109, 1120 [207 Cal.Rptr. 123].) The second cause of action alleged that defendant's conduct was "outrageous, was engaged [in] with the intent to cause and with conscious disregard of the probability of causing emotional distress. As a legal result of that conduct, plaintiff did in fact suffer severe emotional distress and incurred the damages" set forth in the first cause of action. Construing such allegations liberally (see *Tyco Industries, Inc.* v. *Superior Court* (1985) 164 Cal.App.3d 148, 153 [211 Cal.Rptr. 540]), we conclude they sufficiently plead outrageous conduct under the third criterion set forth above.

The demurrer to the second cause of action was improperly sustained.

### Demurrer to Third Cause of Action

Defendant demurred to the third cause of action (defamation of character) on the ground defendant's alleged report to credit reporting agencies regarding plaintiff's failure to pay her sister's debt is not defamatory on its face and no extrinsic facts are pleaded to show its defamatory meaning.

Defamation may be effected by either libel or slander. (Civ. Code, § 44.) The allegations of the third amended complaint do not disclose which form defendant's report took.[8] Libel is "a false and unprivileged publication by writing . . . which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." (Civ. Code, § 45.) Whether or not a writing is reasonably susceptible of a defamatory meaning is a question for the court. (*MacLeod* v. *Tribune Publishing Co.* (1959) 52 Cal.2d 536, 546 [343 P.2d 36].) In making that

---

[8]Defendant demurred to the third cause of action on the ground, among others, that it failed to allege whether the defamatory matter was written (libel) or oral (slander). Such is a special demurrer for uncertainty. (See Code Civ. Proc., § 430.10, subd. (f); 5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, §§ 924, 926, pp. 361, 363.)

determination "we look to what is explicitly stated as well as what insinuation and implication can be reasonably drawn from the communication. [Citation.] 'To constitute a libel it is not necessary that there be a direct and specific allegation of improper conduct, as in a pleading. The charge may be either expressly stated or implied; and in the latter case the implication may be either apparent from the language used, or of such a character as to require the statement and proof of extrinsic facts (*inducement, colloquium,* and *innuendo*) to show its meaning. In the last case, proper allegations and proofs of the facts necessary to make the meaning of the language apparent will be required.' [Citation.]" (*Forsher* v. *Bugliosi* (1980) 26 Cal.3d 792, 803 [163 Cal.Rptr. 628, 608 P.2d 716].)

The third cause of action alleged that defendant falsely "report[ed] to the credit reporting agencies that plaintiff had not made payments on a debt which was not hers . . . . [Defendant] in fact knew that plaintiff was not responsible for the debt and [its] actions in stating the contrary to the credit reporting agencies were not only false but were malicious and were done with the willful intent to injure the plaintiff." While it is normally defamatory on its face to say that a person refuses to pay his just debts (see *Information Control* v. *Genesis One Computer Corp.* (9th Cir. 1980) 611 F.2d 781, 783; *Ingraham* v. *Lyon* (1894) 105 Cal. 254, 257 [38 P. 892]), the same is not true of refusal to pay the debt of another, at least in the absence of a showing that such debt was the responsibility of the one refusing to pay it. Plaintiff alleged that defendant told the credit reporting agencies plaintiff was responsible for the debt which she refused to pay. Accordingly, while the alleged content of the report is not defamatory on its face, extrinsic facts were pleaded which show its defamatory meaning.

Civil Code section 45a provides: "A libel which is defamatory of the plaintiff without the necessity of explanatory matter, such as an inducement, innuendo or other extrinsic fact, is said to be a libel on its face. Defamatory language not libelous on its face is not actionable *unless* the plaintiff alleges and proves that he has suffered special damage as a proximate result thereof. Special damage is defined in Section 48a of this code." (Italics added.) Plaintiff sufficiently pleaded special damages[9] by alleging that as a result of defendant's report to credit reporting agencies she was denied credit, suffered permanent damage to her credit rating, sustained economic damage because of her inability to obtain credit for the purchase of goods and services, and incurred loss of earnings and earning capacity. Accordingly, a cause of action for libel is stated even though the alleged content of

---

[9]Civil Code section 48a defines special damages as "damages which plaintiff alleges and proves that he has suffered in respect to his property, business, trade, profession or occupation, including such amounts of money as the plaintiff alleges and proves he has expended as a result of the alleged libel, and no other."

defendant's report is not defamatory on its face. (See *Forsher* v. *Bugliosi, supra,* 26 Cal.3d 792, 806-807; *Selleck* v. *Globe International, Inc.* (1985) 166 Cal.App.3d 1123, 1130 [212 Cal.Rptr. 838]; *Mullins* v. *Thieriot* (1971) 19 Cal.App.3d 302, 304 [97 Cal.Rptr. 27].)

■ Slander is defined as "a false and unprivileged publication, orally uttered, . . . [¶] 5. Which, by natural consequence, causes actual damage." (Civ. Code, § 46.) The third cause of action alleged that "the statements made by defendant[] by natural consequences caused actual damage to plaintiff because of the harm to her credit rating . . . ." Thus, a cause of action for slander also is stated.

■ As a further ground of demurrer to the third cause of action defendant argued that "without knowing the exact substance of the statement, it cannot be determined whether the statement itself may be privileged by statute. Civil Code § 48(a)(b) [*sic*]." Defendant thus conceded that privilege does not appear on the face of the pleading. Where the existence of a privilege is not revealed on the face of the complaint, privilege may not be asserted by demurrer but must be pleaded as an affirmative defense. (See *Green* v. *Cortez* (1984) 151 Cal.App.3d 1068, 1072-1073 [199 Cal.Rptr. 221]; Code Civ. Proc., § 430.30, subd. (b).)

The demurrer to the third cause of action was improperly sustained.

### Demurrer to Fourth Cause of Action

■ Defendant demurred to the fourth cause of action (intentional misrepresentation) on the ground it did not allege that a false representation was made to plaintiff and that she justifiably relied on it to her damage.

■ The elements of actual fraud, whether as the basis of the remedy in contract or tort, are: (1) a false representation or concealment of a material fact susceptible of knowledge, (2) made with knowledge of its falsity or without sufficient knowledge on the subject to warrant a representation, (3) with intent to induce the person to whom it is made to act upon it; and such person (4) must act in reliance upon the representation (5) to his damage. (*Reed* v. *King* (1983) 145 Cal.App.3d 261, 264; 1 Witkin, Summary of Cal. Law (8th ed. 1973) Contracts, § 315, p. 265.) ■ The fourth cause of action alleged: "The false reports by defendant[] to the credit reporting agencies were made for the purpose of deceiving the credit reporting agencies and third parties to whom the credit reporting agencies provided the information. The false reports were known to be untrue at the time, and were made with malicious and willful intent to injure the plaintiff. As a legal result of the intentional misrepresentation by defendant[], plaintiff has

sustained the damages set forth above." There was no allegation that the reports were made to the credit reporting agencies with the intent to induce action on their part or that the agencies relied on the reports. Nor would such allegations aid plaintiff inasmuch as she attempts to state a cause of action for fraud on her behalf, not on behalf of the credit reporting agencies or any class of which she is a member. "In establishing a cause of action for deceit or fraud, a plaintiff must [allege] that a material and knowingly false representation was made with the intent to induce action, and that such representation caused reasonable and detrimental reliance *on the part of the plaintiff.*" (*Shurpin* v. *Elmhirst* (1983) 148 Cal.App.3d 94, 101 [195 Cal.Rptr. 737]; italics added.) In other words, the plaintiff is the person to whom the misrepresentation must have been made, and it is the plaintiff who must have relied on the misrepresentation to his damage. Under the allegations of the third amended complaint it is clear that plaintiff could not have detrimentally relied on reports of her credit record made by defendant to credit reporting agencies.

The demurrer to the fourth cause of action was properly sustained.

## DISPOSITION

The motion to dismiss the appeal is denied.

The judgment is reversed as to the second and third causes of action; the trial court is directed to overrule the general demurrer to those causes of action and to rule on the special demurrer thereto. In all other respects the judgment is affirmed.

Neither party shall recover costs on appeal.

Thompson, J., and Johnson, J., concurred.