Ricardo **ALVAREZ MELENDEZ, Luz M. Class and their conjugal partnership, Plaintiffs,**

v.

**CITIBANK, Defendant.**

**Civ. No. 88–0009 GG.**

United States District Court, D. Puerto Rico.

Dec. 23, 1988.

---

Heriberto Torres Villanueva, San Juan, P.R., for plaintiffs.

García Rodón, Correa Márquez & Valderas, Alice Net Carlo, Hato Rey, P.R., for defendant.

## OPINION AND ORDER

GIERBOLINI, District Judge.

Plaintiffs brought this action seeking relief under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (FCRA). This court's jurisdiction is also invoked pursuant to Title 28, Section 1332 (diversity of citizenship). Plaintiffs seek $100,000 damages. Pending before this court is defendant's motion to dismiss for failure to state a claim upon which relief can be granted. An opposition has been filed.

Plaintiffs' complaint alleges that defendant bank approved loan and banking transactions under plaintiffs' name although plaintiffs did not participate in, or authorize, the transactions. Plaintiffs contend that defendant bank issued reports of default and tardy repayment of the unauthorized transactions to credit institutions, causing damage to their reputation, credit standing and emotional hardship.

The FCRA imposes on consumer credit reporting agencies the duty of following reasonable procedures to assure the accuracy of consumer reports. 15 U.S.C. § 1681e(b). This Court has jurisdiction to enforce any duty imposed by the Act. 15 U.S.C. § 1681p. Defendant Citibank alleges, however, that it is not a consumer reporting agency, nor a user of reported information, as defined by the Act. Therefore, defendant contends that plaintiffs have failed to forward a claim upon which relief can be granted because plaintiffs' claim is not covered by the remedies set forth under the FCRA.

■ Section 1681a(f) of the FCRA defines a "consumer reporting agency" as:

.... any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages.... in the practice of assembling or evaluating consumer credit information.... for the purpose of furnishing consumer reports to third parties....

Defendant Citibank does not fall within this definition. It did not assemble or evaluate consumer credit information to distribute to third parties. It did no more than furnish information to a credit reporting agency. *See Rush v. Macy's New York, Inc.,* 775 F.2d 1554, 1557 (11th Cir.1985) (upholding dismissal of FCRA claim granted to party who furnished information to credit reporting agencies); *Mitchell v. First National Bank of Dozier,* 505 F.Supp. 176 (M.D.Ala.1981); *Freeman v. Southern Nat. Bank,* 531 F.Supp. 94 (S.D. Tex.1982).

■ Second, the information provided to the credit reporting agency was not "a consumer report" under the FCRA. The definition of consumer report specifically excludes the type of information at issue here: "The term [consumer report] does not include.... any report containing information solely as to transactions or experiences between the consumer and the person making the report." 15 U.S.C. § 1681a(d). Therefore, when a bank furnishes information based solely on its own experience with the consumer, the information is not a consumer report and the bank is not under these circumstances a consumer reporting agency.

Plaintiffs argue that the information was indeed a consumer report because the bank's information was not as to a transaction between it and a consumer, because plaintiff Alvarez was not, in fact, a customer of defendant bank. However, from the bank's point of view, it believed Alvarez was its customer and responsible for the delinquent account. Moreover, the bank notified the United Credit Bureau that plaintiff's account was in dispute after plaintiff called possible discrepancies to its attention. We find that the information submitted by defendant bank for the purposes of the Act concerned a customer of the bank and therefore, was not a consumer report. *See Smith v. First National Bank of Atlanta,* 837 F.2d 1575, 1578 (11th Cir.1988) (upholding grant of summary judgment where "plaintiff was not customer of defendant bank.... [but mistake caused plaintiff to] appear as a customer to defendant bank.")

■ Plaintiff argues that defendant bank is covered under the FCRA because it is a user of consumer reports. Section 1681m of the FCRA is titled "[r]equirements on users of consumer reports." It provides that whenever credit or insurance is denied or rates increased due to information contained in a consumer report, the user must supply the consumer with the name and address of the consumer reporting agency making the report. In relation to its business dealings with plaintiff, defendant bank was not denying credit or insurance, nor raising the rates charged to plaintiff based on a consumer report. Thus, we find that defendant bank merely furnished information regarding its credit experience with plaintiff and was not a user of consumer reports for the purpose of establishing civil liability under the FCRA.

Plaintiffs allege that defendant bank was grossly negligent and malicious in providing false information to credit reporting agencies. Section 1681h(e) of the FCRA provides:

Except as provided in.... [is U.S.C. 1681n and 1681o], no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to.... [is U.S.C. § 1681g, 1681h, or 1681m], except as to false information furnished with malice or willful intent to injure such consumer.

 We agree with courts that have found that section 1681h(e) does not create a separate federal cause of action under the Act. *See Freeman v. Southern Nat. Bank,* 531 F.Supp. 94 (S.D.Tex.1982); *Mitchell v. First Nat. Bank of Dozier,* 505 F.Supp. 176 (M.D.Ala.1981). Section 1681h(e) must be read in the context of the jurisdictional statute, section 1681p which authorizes this court to "enforce any liability created under [the Act] as well as sections 1681n and 1681o, which limit civil liability to consumer reporting agencies or users of information for negligent and willful violations of duties imposed by the Act." Moreover, the very title of section 1681h(e) "Limitation of liability"—suggests that the subsection was not intended to create a separate federal cause of action. Thus, the FCRA itself imposes no affirmative duties on sources such as the defendant bank if the information provided is not a consumer report. *See Freeman, supra,* 531 F.Supp. at 96. Parties who do no more than furnish information to a credit reporting agency are therefore not covered by the Act.

■ Rather, it appears that Congress intended section 1681h(e) to provide immunity from common law actions based on information provided pursuant to the provisions of the Act. Qualified immunity for sources, reporting agencies and users of information is the *"quid pro quo* for full disclosure."* [Senator Proxmire, 115 Cong. Rec. 13908 (Nov. 6, 1969)]. The immunity does not apply to common law actions based on false information furnished with malice or willful intent to injure the consumer, even if the information was disclosed pursuant to the Act's requirements.

Plaintiffs also allege that defendant provided malicious information about them. Presumably, this language is meant to place the claim outside the scope of the qualified immunity of FRCA section 1681h(e). Such a claim is based on local law and this court's diversity jurisdiction. Plaintiffs invoke diversity jurisdiction pursuant to Title 28, Section 1332. Plaintiffs contend that they are both citizens of Puerto Rico. The complaint alleges that defendant corporation is incorporated outside Puerto Rico and is authorized to do business within Puerto Rico.

Section 1332 sets out the allegations necessary to invoke diversity jurisdiction in a case involving a corporate party. Under section 1332(c), "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The official form for the "allegation of jurisdiction" provides blanks for the state of incorporation and for the principal place of business of corporate parties. Thus, allegations regarding the citizenship of a corporation must set out the principal place of business as well as the state of incorporation. Fed.R.Civ.P. app. Form 2; *see also Nadler v. American Motors Sales Corp.,* 764 F.2d 409, 413 (5th Cir.1985); *Casio, Inc. v. S.M. & R. Co., Inc.,* 755 F.2d 528, 529–30 (7th Cir.1985). These rules are straightforward and the law demands strict adherence to them. *Nadler, supra,* 764 F.2d at 413.

■ The complaint does not allege either the state of incorporation or defendant's principal place of business. The answer admits the jurisdictional allegations, but neither the answer or the record indicate defendant's principal place of business. Plaintiffs' failure to properly allege the pleading requirements is fatal to the jurisdiction of this court. *Jason's Foods, Inc. v. Peter Eckrich & Sons, Inc.,* 768 F.2d 189, 190 (7th Cir.1985).

In view of the above, we conclude that plaintiffs have failed to state a claim for relief under the FCRA. Defendant's motion to dismiss is hereby ordered granted and the complaint is dismissed in its entirety for lack of federal jurisdiction.

SO ORDERED.