Filed 8/30/16  Riverside County Dept. of Child Support Services v. Gaw CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| RIVERSIDE COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GREG S. GAW,<br><br>    Defendant and Appellant. | E063196<br><br>(Super.Ct.No. FAM47083)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Gregory J. Olson, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Gregory S. Gaw, in pro. per., for Defendant and Appellant.

Jennifer Joanne Clark for Plaintiff and Respondent.

On June 27, 2014, Greg S. Gaw filed an Application to Set Aside Voluntary Declaration of Paternity for a child born in 1982.  (Fam. Code, § 7575.)[1]  Attached to

---

[1] All subsequent statutory references will be to the Family Code unless otherwise indicated.

1

the application was a February 13, 1997, judgment reflecting paternity was established by default, i.e., not by a voluntary declaration. On July 23, 2014, the family court denied Gaw's application. On August 25, 2014, Gaw again filed an Application to Set Aside Voluntary Declaration of Paternity. (§ 7575.) Again attached to the application was the February 13, 1997, judgment reflecting paternity had been established by default. On September 24, 2014, the family court again denied Gaw's application.

The February 13, 1997, default judgment required Gaw to pay $175 per month in child support. On September 12, 2014, Gaw filed a request for a refund of the interest he paid related to the child support order. On October 21, 2014, Gaw filed a third Application to Set Aside Voluntary Declaration of Paternity. On November 5, 2014, the family court denied Gaw's refund request and his third application.

On March 19, 2015, Gaw filed a Notice of Appeal reflecting he was appealing from a default judgment. Gaw's Notice of Appeal provides no date as to when the default judgment was entered. We infer the default judgment is the February 13, 1997, default judgment ordering that Gaw was the child's father, and ordering Gaw to pay $175 per month in child support. A party typically has, at most, 180 days after the entry of judgment to file a notice of appeal. (Cal. Rules of Court, rule 8.104(a)(1)(C).) Accordingly, we will construe Gaw's Notice of Appeal as relating to the November 5, 2014, rulings on the denial of his third application and request for refund of interest.

Gaw raises two issues on appeal. First, Gaw contends he was "denied fair and equal access to the paternity testing process" because he was not provided transportation from prison to the family court hearings. Second, Gaw asserts the Riverside County

2

Department of Child Support Services (the Department) erred by not suspending the balance of child support owed, as well as the accruing interest, while he was incarcerated throughout the years. We affirm the judgment.

## FACTUAL AND PROCEDURAL HISTORY

On February 13, 1997, the family court entered a default judgment against Gaw reflecting Gaw was the father of Morgan M., who was born in 1982. The family court ordered Gaw to pay $175 per month in child support dating back to September 1, 1996. The court also ordered Gaw to pay $5,600 for the period beginning September 1993 and ending in July 1996.

On August 3, 1999, Gaw filed an Order to Show Cause for Modification of Child Support, Adjusting Arrears, Restoring his California Driver's License, Setting Aside the Default, Setting Aside the Judgment, and Taking a Paternity Test. Gaw requested the child support amount be modified to zero, unless he was proven to be Morgan M.'s biological father by way of a paternity test.

The court held a hearing on the Order to Show Cause on September 1, 1999. Gaw was present at the hearing. The Riverside County District Attorney's Office agreed to release Gaw's driver's license upon written proof of an employment offer. A contested hearing regarding the issue of service was scheduled for November 18, 1999. On November 18, Gaw did not appear in court and the matter was taken off calendar.

On June 27, 2014, Gaw filed an Application to Set Aside Voluntary Declaration of Paternity. Gaw attached the February 1997 default judgment to the application. The grounds for the application were (1) mistake of fact or law, inadvertence, surprise, or

3

excusable neglect; and (2) fraud or perjury. Gaw explained that he received documentation from the Department reflecting Morgan M.'s mother "had claimed that [Gaw is] the father of" Morgan M., which Gaw asserted was untrue. Gaw was not present at the hearing on the application. The court denied the application.

On August 25, 2014, Gaw filed his second application and attached the 1997 default judgment. On the second application Gaw wrote, "Previous hearing missed and motion denied on 7/23/14 due to Sheriffs Department failing to transport." (All caps omitted.) Gaw's grounds for the application were (1) fraud or perjury, and (2) that he "failed to appear in court due to incarceration which ended with [a] default judgment on paternity—Feb. 13, 1997." Gaw was not present at the hearing on the second application. The court denied the application.

On September 12, 2014, Gaw filed a request for a refund of the interest related to the child support payments. On October 14, Gaw was present at the hearing on his refund request. It was determined that service had not been accomplished, and the matter was continued to November 5. On October 21, Gaw filed a third Application to Set Aside Voluntary Declaration of Paternity.

On November 5, the family court held a hearing on Gaw's refund request and application. Gaw was present at the hearing. The court denied Gaw's refund request. The court also denied Gaw's application. However, the court ordered Gaw's driver's license be released if the hold was only related to this child support case.

**DISCUSSION**

A.    <u>TRANSPORTATION</u>

Gaw contends he was "denied fair and equal access to the paternity testing process" because he was not provided transportation from prison to the family court hearing.

An indigent prisoner in a civil suit has a right to access the courts. (*Payne v. Superior Court* (1976) 17 Cal.3d 908, 919.) Therefore, the state may transport a prisoner to court for civil court appearances. (*Id*. at p. 920.) In cases in which parental rights are being terminated, either in the family court or dependency court, if the prisoner-parent desires to be present at the hearing, then the court must issue a transportation order for the prisoner. (Pen. Code, § 2625, subd. (d).) In other proceedings in which parental rights are subject to adjudication, the family court may issue a transportation order for the prisoner-parent. (Pen. Code, § 2625, subd. (e).) Some other options for providing court access to indigent prisoners include (1) deferring the action until the prisoner is released; (2) appointing counsel for the prisoner; (3) holding the trial in the prison; and (4) using closed circuit television or other modern technology. (*Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 792-793.)

Gaw was present at the November 5 hearing on his refund request and third application. The prior two hearings, at which Gaw was not present, concerned Gaw's first and second applications. Assuming the family court should have ordered Gaw transported for the hearings on the first and second applications, it would appear any error related to those hearings was harmless due to Gaw being present for the hearing on

5

his third application and request for a refund. (See *In re Jesusa V.* (2004) 32 Cal.4th 588, 624-625 [harmless error analysis applies to failure to transport a prisoner-parent].) In other words, assuming there was error at the hearings on the first and second applications, it is not reasonably probable that a result more favorable to Gaw would have occurred since Gaw was present for the hearing on his third application and that third application was denied. (See *Id*. at p. 625 [applying the *Watson* standard]; see also *People v. Watson* (1956) 46 Cal.2d 818, 836 ["reasonably probable that a result more favorable to the appealing party would have been reached"].)

Gaw, presumably discussing the 1997 default judgment, asserts he is entitled to an opportunity to appear at court proceedings, but the "police agency . . . failed to provide transport." Gaw contends the judgment should be reversed and he is willing to take a paternity test. Gaw asserts that if he is not Morgan M.'s biological father, then all child support money collected by the Department should be returned to him.

The time to set aside a judgment of paternity has passed. A father can move to set aside or vacate a judgment of paternity within (1) two years from the date he knew or should have known of the judgment establishing him as the child's father; or (2) within two years of the effective date—that two-year period was January 1, 2005, through December 31, 2006. (§ 7646, subd. (a).) Gaw knew of the judgment in 1999 when he filed an order to show cause concerning modifying the child support order. Thus, the latest date by which Gaw could have moved to set aside or vacate the judgment of paternity was December 31, 2006.

In sum, Gaw missed the statute of limitations for challenging the judgment of paternity and he was present at the third hearing on his application. Given that it is too late for Gaw to challenge the judgment of paternity, and that he was transported for the hearing, we conclude his argument about not being transported is unpersuasive.

B.     IMPRISONMENT

Gaw asserts the Department erred by not suspending the balance of child support owed, as well as the accruing interest, while he was incarcerated throughout the years.

A child support judgment shall be suspended, by operation of law, when a person is incarcerated for more than 90 consecutive days. (§ 4007.5, subd. (a).) However, there are exceptions to this rule. For example, if the parent owing support has the means to pay support while incarcerated, then the payments shall continue. (§ 4007.5, subd. (a)(1).)

There is nothing in the record indicating Gaw raised this issue in the family court. Gaw's application for a refund of the interest related to the child support order is not in the record, and the record does not contain a reporter's transcript. In Gaw's Appellant's Opening Brief, he asserts that on at least six occasions he sent letters to the Department requesting the child support order be modified. Gaw does not provide a citation to where the letters are located in the record.

When an issue is dependent on a factual determination, an appellant may not raise it for the first time on appeal. (*Piscitelli v. Friedenberg* (2001) 87 Cal.App.4th 953, 983.) Because the issue was not raised in the family court, we have no means by which to determine (1) if the payments were suspended; (2) when Gaw was

incarcerated; (3) if any child support payments were made by Gaw; and (4) if Gaw had the means to pay child support while incarcerated.[2] Because the issue was not raised in the family court, Gaw has forfeited the issue for appeal. (*In re Elijah V.* (2005) 127 Cal.App.4th 576, 582.)

## DISPOSITION

The judgment is affirmed. The parties are to bear their own costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:

CODRINGTON
J.

SLOUGH
J.

---

[2] Gaw attached documents in his Appellant's Opening Brief that reflect periods of incarceration and a child support payment. The attachments cannot be considered. Attachments in briefs are limited to (1) copies of exhibits that were presented at the trial court, and (2) copies of laws that are not readily accessible. (Cal. Rules of Court, rule 8.204(d).) An appellate court does not consider evidence from outside the appellate record. (*Pulver v. Avco Financial Services* (1986) 182 Cal.App.3d 622, 632.)