Filed 4/16/26  Proppe v. Costello CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| COLLEEN M. PROPPÉ,<br>        Plaintiff and Appellant,<br>v.<br><br>BRIAN T. COSTELLO,<br>        Defendant and Respondent. | A171896<br><br>(Marin County Super. Ct.<br>No. FL 0000854) |

**MEMORANDUM OPINION**

In 2024, Colleen M. Proppé asked the trial court to order Brian T. Costello to pay spousal or domestic partner support.[1]  The court denied her request, concluding it had no jurisdiction to do so because the parties were neither married nor registered domestic partners.  Proppé appeals.  As she identifies no legal basis that would allow the court to award spousal or domestic partner support, we affirm.

The relevant facts are undisputed.  The parties had a relationship that resulted in the birth of two now-adult children.  The parties were never

---

[1] We resolve this case by memorandum opinion (Cal. Stds. Jud. Admin., § 8.1), reciting only those facts necessary to resolve the limited issue before us.  We disregard facts that do not appear in the record on appeal as well as arguments based on such facts.  (*Pulver v. Avco Financial Services* (1986) 182 Cal.App.3d 622, 632.)

1

married.  They filed a domestic partnership agreement in Marin County in 2002, but they never filed a declaration of domestic partnership with the California Secretary of State.[2]

A trial court may award spousal support upon the dissolution of a marriage or legal separation of the married parties.  (Fam. Code, § 4330, subd. (a); undesignated statutory references are to this code.)  And it may award domestic partner support upon the dissolution of a registered domestic partnership or legal separation of registered domestic partners.  (§ 299.) To establish a domestic partnership in California, both parties must "file a Declaration of Domestic Partnership with the Secretary of State."  (§ 297, subd. (b).)  Registering with a city or county — without filing a declaration with the Secretary of State — is insufficient to create a domestic partnership under state law.  (*Velez v. Smith* (2006) 142 Cal.App.4th 1154, 1167 (*Velez*).)

Given the undisputed facts and relevant law, the trial court correctly determined it could not award spousal or domestic partner support. We briefly address Proppé's contrary arguments and find them unavailing.

She notes the Legislature added section 297.5 to give registered domestic partners the same rights, protections, and benefits as spouses, and she contends that change should apply retroactively to the parties' 2002

---

[2] On November 10, 2025, Proppé filed a motion to augment the record with various documents, including (1) a reporter's transcript of a hearing that occurred *after* the hearing at issue in this appeal; (2) a domestic violence restraining order packet; (3) Costello's income and expense declaration; and (4) a reporter's transcript of the hearing at issue here.  We deny as irrelevant the motion as to the first three documents.  And we deny as to the fourth document because Proppé indicated in her amended notice designating the record on appeal that she would be using a settled statement because the "proceedings . . . were not reported by a court reporter."  Even if it existed, any transcript would not be helpful given the undisputed facts here.
On February 2, 2026, Proppé filed a motion to expedite oral argument.
We have set the matter for argument and so deny the request as moot.

agreement.  (*Velez*, *supra*, 142 Cal.App.4th at p. 1164.)  But retroactivity would not alter the outcome here.  The fact remains that, for a registered domestic partnership to exist, the parties must file a declaration of domestic partnership with the Secretary of State.  It is undisputed that never happened here, and the trial court consequently had no jurisdiction to award support under section 299.

Next, Proppé's opening brief describes her as Costello's putative spouse.  To the extent her use of that term is intended to advance an alternate basis for awarding support, we deem the argument forfeited for failure to develop the argument or provide legal authority.  (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)  In any event, she identifies no authority to support the conclusion that the Legislature has extended the putative spouse doctrine to domestic partners.  (*Velez*, *supra*, 142 Cal.App.4th at p. 1174; § 2251.)

Proppé alleges the trial court should have awarded her a lump sum payment of support — "$500,000 – 700,000" — given "years of abuse" and her sacrificing "career opportunities to care for the children."  Her failure to offer legal analysis, cite authority, or cite evidence in the record forfeits this argument.[3]  (*Benach v. County of Los Angeles*, *supra*, 149 Cal.App.4th at p. 852.)  Moreover, however sympathetic her allegations, these facts — even if true — do not alter our conclusion that the court had no power to order the requested support because the parties were neither married nor registered

---

[3] Proppé's initial notice designating the record on appeal contained various deficiencies, and she was sent a notice of default.  Her amended notice designating the record — including a purported "Proposed Settled Statement" — continued to contain various deficiencies, and she was notified she remained in default.  Ultimately, we directed the superior court to prepare the clerk's transcript in accordance with California Rules of Court, rule 8.122(b).

domestic partners.  We express no opinion concerning whether Proppé could file a civil action against Costello to seek relief.  (*Velez, supra*, 142 Cal.App.4th at p. 1176.)

Finally, Proppé contends legislative action is necessary to "fix the loophole left by the" creation of the California Domestic Partner Rights and Responsibilities Act of 2003.  (Stats. 2003, ch. 421, § 3.)  Whatever fix she thinks is required, this argument is best directed at — and addressed by — the Legislature.  It provides no basis to award support under the facts of this case.

## DISPOSITION

The judgment is affirmed.  Each party shall bear their own costs on appeal in the interests of justice.  (Cal. Rules of Court, rule 8.278(a)(5).)

_____

RODRÍGUEZ, J.

WE CONCUR:


_____

FUJISAKI, Acting P. J.


_____

PETROU, J.


A171896; *Proppe v. Costello*