59 F.3d 172
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff - Appellee,
v.
Timothy WOODS, Defendants- Appellant.
 No. 94-5315.
 United States Court of Appeals, Sixth Circuit.
 June 23, 1995.
 
 Before: KEITH and NELSON, Circuit Judges; and RUBIN District Judge*.
 PER CURIAM.
 
 
 1
 Defendant-Appellant Timothy Woods ("Woods") appeals the denial of his motion to suppress evidence electronically obtained by the Drug Enforcement Agency ("DEA") without a warrant. For the reasons stated below we AFFIRM.
 
 I. STATEMENT OF THE CASE
 A. Statement of Facts
 
 2
 First Metropolitan Financial Services, Inc. ("First Metropolitan") is a finance company which loans money for the purchase of automobiles, household goods, homes and property. The president of First Metropolitan is Rex Dwayne Anderson ("Anderson"). Anderson was approached in September 1992 by DEA agents. The DEA agents were investigating the financing of vehicles by suspected drug dealers. Anderson, who was also under investigation by the DEA, agreed to cooperate and turned over files pertaining to the purchases of these vehicles. Among the files that were delivered to the authorities was Anderson's file on Woods. Anderson also agreed to allow the agents to install electronic surveillance equipment in his office. The agents installed a video camera and attached a microphone to his telephone.
 
 
 3
 The DEA recorded Anderson's meetings with Woods. In his meetings with Woods, Anderson was successful in getting Woods to admit he was a drug dealer. Woods made a number of other incriminating statements about his drug dealing and money laundering activities.
 
 B. Procedural History
 
 4
 On April 20, 1993, Woods was charged in a twenty-seven count indictment. All twenty-seven counts alleged violations of 18 U.S.C. Secs. 2 and 1956(a)(1)(B)(i). Section 1956 is the federal criminal code for money laundering. Woods filed a motion to dismiss the indictment on June 17, 1993, which the magistrate construed as a motion to suppress the evidence of Woods' conversations with Anderson. Oral argument for the motion was heard on June 30, 1993. The magistrate denied the motion. On August 9, 1993, Woods appealed the magistrate's decision to the district court. The district court upheld the magistrate's decision and denied the motion.
 
 
 5
 The denial of the motion led to Woods pleading guilty to counts sixteen, seventeen, eighteen, twenty, twenty-one, twenty-two, twenty-three and twenty-four of the indictment. Woods reserved the right to appeal the denial of his motion.
 
 
 6
 Woods filed this timely appeal.
 
 II. DISCUSSION
 
 7
 Woods argues on appeal that: 1) his constitutional privacy rights prevent recording his conversation with Anderson without his permission or a warrant and 2) the FCRA prevents the dissemination of credit information to the police without his approval.
 
 A. Constitutional Privacy Rights
 
 8
 Woods' argues the Fourth Amendment of the Constitution grants him a legitimate expectation of privacy in his conversations with Anderson, citing the two-part test established by the United States Supreme Court in California v. Ciraolo, 476 U.S. 207 (1986). The Ciraolo test states an individual has a legitimate expectation government will not intrude without a warrant when: 1) an individual has "manifested a subjective expectation of privacy in the object of the challenged search," and 2) society is willing to recognize the expectation as reasonable. Id. at 211.
 
 
 9
 Woods is unable to satisfy either part of the Ciraolo test. He cannot show a subjective expectation of privacy in either the information he provided to Anderson or society's willingness to recognize his privacy expectations in the information as reasonable.
 
 
 10
 The Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. Sec. 2511, allows governmental electronic surveillance, without a warrant, if one of the parties to the communication consents. see; 18 U.S.C. Sec.2511(2)(c). The Omnibus Act made most other forms of wiretapping illegal if the government did not first obtain a warrant. Since Anderson consented to the installation of video and listening devices in his office, the DEA was not required to first procure a warrant. Thus, Anderson's consent was all the DEA needed to conduct electronic surveillance of Woods while he was in Anderson's office.
 
 
 11
 In addition, the United States Supreme Court has held a defendant has no legitimate expectation of privacy when he/she confides in another about illegal acts. Hoffa v. United States, 385 U.S. 293 (1966). When Woods entered Anderson's office and told him about his criminal activity, he accepted the risk the details of that conversation would be turned over to law enforcement officials.
 
 
 12
 Because Woods is unable to satisfy the first prong of the Ciraolo test discussion of the second prong is unnecessary.
 
 B. Rights Under 15 U.S.C. Sec. 1681
 
 13
 Woods next argued the government violated the FCRA when they obtained his credit information and recorded his conversations with Anderson without his consent. He contends the content of the conversations is protected by the FCRA and giving the information to the DEA was in violation of the FCRA.
 
 
 14
 When an individual provides information to a third party based singularly on his/her own experience with another individual, the information is not a consumer report and the individual is not a consumer reporting agency. Alvarez Melendez v. Citibank, 705 F.Supp. 67, 69 (D.Puerto Rico 1988); Freeman v. Southern Nat'l. Bank, 531 F.Supp. 94, 95 (S.D. Tex. 1982).
 
 
 15
 In the instant case there was no violation of the FCRA. The information Anderson provided to the DEA was based solely on his business experience with Woods. Thus the information is not protected by the FCRA and may be provided to a third party without the Woods' approval.
 
 III. CONCLUSION
 
 16
 For the reasons stated, we AFFIRM the denial of Woods' motion to suppress by the Honorable Jerome Turner, United States District Court Judge for the Western District of Tennessee.
 
 
 
 *
 The Honorable Carl B. Rubin, United States District Judge for the Southern District of Ohio, sitting by designation