Filed 1/21/15  Popescu v. Kennedy CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| VIRGIL POPESCU,<br><br>　　　Plaintiff and Appellant,<br><br>　　　v.<br><br>JOHN KENNEDY,<br><br>　　　Defendant and Respondent. | D064883<br><br><br>　(Super. Ct. No. 37-2013-00061982-CU-PT-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Sharon B.

Majors-Lewis and Jeffrey F. Fraser, Judges.  Affirmed.


Virgil Popescu, in pro. per., for Plaintiff and Appellant.

John Kennedy, in pro. per., for Defendant and Respondent.

Virgil Popescu appeals from an order of the superior court denying a civil

harassment restraining order and dissolving a temporary restraining order against John

Kennedy.  On appeal, Popescu contends the trial court erred in denying both his

peremptory challenge to the trial judge and the requested restraining order.  Popescu also

contends the trial judge exhibited bias and prejudice that rises to the level of a

constitutional violation.  We disagree with Popescu and will affirm.

FACTUAL AND PROCEDURAL BACKGROUND[1]

In August 2013, Popescu filed the underlying proceeding against Kennedy,

seeking a temporary restraining order and an injunction prohibiting harassment under

Code of Civil Procedure[2] section 527.6.  In support, Popescu submitted declaration

testimony describing an incident on July 26, 2013, in which he contended Kennedy used

obscene language, punched Popescu in the face, raised a sledge-hammer and threatened

to kill him (Incident).  The court issued a temporary restraining order (TRO) against

Kennedy,[3] granting in significant part the personal conduct orders and stay-away orders

Popescu requested.[4]

Kennedy filed a response to the TRO and Popescu's request for an injunction, not

agreeing to the relief Popescu sought and submitting a declaration in which he described

---

[1]     The record on appeal consists of a one-volume clerk's transcript.  We base our factual and procedural recitation on only what has been presented in the clerk's transcript, disregarding statements in briefs that are not in the record on appeal.  (*Pulver v. Avco Financial Services* (1986) 182 Cal.App.3d 622, 632.)

[2]     All further statutory references are to the Code of Civil Procedure.

[3]     Popescu requested the temporary orders without notice to Kennedy, although the record does not disclose whether Kennedy was at the hearing.

[4]     The court denied Popescu's request for an order directing the San Diego Police Department to file charges against Kennedy as a result of the Incident.

2

generally the same Incident but disputed certain contentions, including specifically who was the aggressor.

In reply, Popescu filed two declarations:  one in which he submitted a police report from the Incident; and one, along with an attachment, in which he presented contentions disputing the evidence in Kennedy's responsive declaration.

On the date of the hearing on the injunction,[5] after the matter was assigned to the Honorable Sharon B. Majors-Lewis, Popescu filed a section 170.6 challenge to Judge Majors-Lewis.[6]  The court, the Honorable Jeffrey F. Fraser, presiding, denied the challenge.  Judge Majors-Lewis then heard testimony from Popescu and Kennedy; and by minute order filed September 17, 2013, Judge Majors-Lewis dissolved the TRO[7] and denied with prejudice the requested injunctive relief (Order).

Popescu timely appeals from the Order.[8]

---

[5]     The TRO set the hearing on the injunction for August 28, 2013, in department 11. Popescu's request for an injunction was heard on September 17, 2013, in department 14. The record does not disclose how or why the matter was continued or moved.

[6]     Section 170.6 provides a procedure for a party (or party's attorney) to peremptorily challenge a judicial officer based on the party's (or the party's attorney's) belief that the judicial officer is prejudiced against the party (or the party's attorney) such that the party (or party's attorney) cannot have a fair and impartial hearing before the judicial officer.

[7]     By its terms, the TRO expired on August 28, 2013.  The record does not disclose how or why (or whether) it was extended until September 17, 2013.

[8]     An order dissolving a temporary restraining order and denying an injunction is an appealable order.  (Code Civ. Proc., § 904.1, subd. (a)(6).)

3

I.

DISCUSSION

A.     *Popescu Cannot Raise the Statutory Disqualification Issue in This Appeal*

Popescu's principal argument on appeal is that the court improperly denied his section 170.6 challenge to Judge Majors-Lewis.  However, section 170.3, subdivision (d) provides in relevant part:  "The determination of the question of the disqualification of a judge is not an appealable order and may be reviewed only by a writ of mandate . . . ."  Citing this language, our Supreme Court has instructed, " 'a petition for writ of mandate is the *exclusive* method for obtaining review of a denial of a judicial qualification motion.' " (*People v. Freeman* (2010) 47 Cal.4th 993, 1000 (*Freeman*).)  Indeed, the Supreme Court has also expressly rejected the argument that a disqualification ruling is reviewable on appeal from a subsequent judgment.  (*People v. Williams* (1997) 16 Cal.4th 635, 652.)  Finally, section 170.3, subdivision (d) applies to peremptory challenges under section 170.6 like Popescu's challenge here.  (*People v. Hull* (1991) 1 Cal.4th 266, 272.)

Accordingly, we are unable to review the nonappealable order denying Popescu's section 170.6 statutory challenge to Judge Majors-Lewis.

B.     *Popescu Has Not Met His Burden of Establishing Reversible Error*

In his appeal from the Order, Popescu raises two arguments:  (1) the trial court erred in denying the injunction; and (2) the trial court was so "unfair and impartial" that Popescu's "Constitutional Right of being equally protected by the Law" was violated.  Given established principles of appellate review and the record and briefing in this appeal, our ability to grant relief is severely hampered by Popescu's presentation.

4

" 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "It is well settled, of course, that a party challenging a judgment [or order] has the burden of showing reversible error by an adequate record." (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 (*Ballard*).) "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." (*Mountain Lion Coalition v. Fish & Game Com.* (1989) 214 Cal.App.3d 1043, 1051, fn. 9 (*Mountain Lion Coalition*).) As particularly applicable in the present appeal, *Estate of Fain* (1999) 75 Cal.App.4th 973 (*Fain*) instructs: "Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment [or order] must be *conclusively presumed correct* as to *all evidentiary matters*. To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error." (*Id.* at p. 992.)

In addition, an appellate brief must "support each point by argument and, if possible, by citation of authority" (Cal. Rules of Court, rule 8.204(a)(1)(B) (rule 8.204(a)(1)(B)), and a party forfeits the right to appellate review of an argument where the party fails to cite applicable supporting authority (*In re Estate of Cairns* (2010) 188 Cal.App.4th 937, 949 (*Cairns*)).

1.    *Denial of Injunction*

a.    *Standard of Review*

Where, as here, the parties dispute the facts, we review a court's order denying a section 527.6 civil harassment injunction for substantial evidence.  (*R.D. v. P.M.* (2011) 202 Cal.App.4th 181, 188; *Bookout v. Nielsen* (2007) 155 Cal.App.4th 1131, 1137–1138.)

In determining the sufficiency of the evidence, as an appellate court we "may not weigh the evidence or consider the credibility of witnesses.  Instead, the evidence most favorable to [the respondent] must be accepted as true and conflicting evidence must be disregarded[,] '. . . indulging every legitimate inference which may be drawn from the evidence in [the respondent's] favor . . . .' "  (*Campbell v. General Motors Corp.* (1982) 32 Cal.3d 112, 118.)  The testimony of a single witness, including that of a party, may be sufficient (*In re Marriage of Mix* (1975) 14 Cal.3d 604, 614; Evid. Code, § 411); whereas even uncontradicted evidence in favor of an appellant does not establish the fact for which the evidence was submitted (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 890 (*Foreman*).)  As particularly applicable here, the issue is not whether there is evidence in the record to support a different finding, but whether there is evidence that, if believed, would support the trier of fact's findings.  (*Bowers v. Bernards* (1984) 150 Cal.App.3d 870, 872-873.)

If an appellant challenges the sufficiency of the evidence to support a finding, the appellant is required to set forth in its opening brief all the material evidence on that issue or finding on appeal, not merely what *other* evidence might have been favorable to the

6

appellant's position.  (*Foreman*, *supra*, 3 Cal.3d at p. 881.)  "In furtherance of its burden, the appellant has the duty to fairly summarize all of the facts in the light most favorable to the judgment [or order]."  (*Boeken v. Philip Morris, Inc.* (2005) 127 Cal.App.4th 1640, 1658; see *Huong Que, Inc. v. Luu* (2007) 150 Cal.App.4th 400, 410 [before appellate court considers a lack of substantial evidence argument, appellant must first present "a fair summary of the evidence bearing on the challenged finding, particularly including evidence that arguably *supports* it"].)  If the appellant has not met this burden, the asserted error is deemed waived or forfeited.  (*Foreman*, at p. 881.)  In sum, unless the "party who challenges the sufficiency of the evidence to support a finding . . . set[s] forth, discuss[es], and analyze[s] *all the evidence* on that point, both favorable and unfavorable" (*Doe v. Roman Catholic Archbishop of Cashel & Emly* (2009) 177 Cal.App.4th 209, 218, italics added), the reviewing court may deem the substantial evidence contention to have been waived or forfeited (*ibid.*; *Foreman*, at p. 881).

        b.     *Analysis*

Here, Popescu has not met his burden of establishing reversible error in the denial of the injunction for a number of independent reasons.

First, as explained *ante*, without a reporter's transcript, "the judgment [or order] must be *conclusively presumed correct* as to *all evidentiary matters.*  To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error."  (*Fain*, *supra*, 75 Cal.App.4th at p. 992.)  Thus, we presume either that Popescu's testimony at the hearing did not sufficiently support his claim or that Kennedy's testimony at the hearing sufficiently defeated Popescu's claim.

Second, by his failure to have set forth the evidence in the record that *supports* the order — i.e., by not at least setting forth Kennedy's declaration testimony that is in the record in opposition to Popescu's request for injunctive relief — Popescu has forfeited his substantial evidence argument. (*Foreman*, *supra*, 3 Cal.3d at p. 881.) We note that Kennedy's declaration testimony contains substantial evidence to support denial of the injunction.

Finally, Popescu has further forfeited this argument by failing to cite any legal authority in support of his position. (Rule 8.204(a)(1)(B); *Cairns*, *supra*, 188 Cal.App.4th at p. 949.)

2. *Violation of Constitutional Rights*

In addition to the statutory argument that Judge Fraser erred in denying the peremptory challenge of Judge Majors-Lewis under section 170.6 (see pt. I., *ante*), Popescu also raises a nonstatutory claim that Judge Majors-Lewis's bias, prejudice and hostility violated Popescu's "Constitutional Right of being equally protected by the Law." Distinguishing the statutory (§ 170.6) and nonstatutory (constitutional) arguments, we note that section 170.3, subdivision (d)'s requirement that judicial disqualification orders be reviewed exclusively by petitions for writ of mandate does not bar review *on appeal from the ultimate judgment or order* a claim that the judgment or order is *constitutionally* infirm because of judicial bias. (*People v. Brown* (1993) 6 Cal.4th 322, 333-335 ["section 170.3[ subdivision ](d) does not apply to, and hence does not bar, review (on appeal from a final judgment) of *nonstatutory* claims that a final judgment is constitutionally invalid because of judicial bias" (*id.* at p. 335)]; see *People v. Chatman*

8

(2006) 38 Cal.4th 344, 363 (*Chatman*) ["While defendant may not raise the statutory claim on appeal, he may assert a constitutionally based challenge of judicial bias."].)

Popescu's claim of judicial bias reads as follows in its entirety: "Judge Sharon Major[s]-Lewis made a serious error. She violated [Popescu's] Constitutional Right of being equally protected by the Law. She was unfair and impartial, just like [Popescu] suspected, when he filed the Peremptory Challenge." (Some capitalization omitted.) In conducting the constitutional analysis, our Supreme Court recently explained:

> "[W]hile a showing of actual bias is not required for judicial disqualification under the due process clause, neither is the mere appearance of bias sufficient. Instead, based on an objective assessment of the circumstances in the particular case, there must exist ' "the probability of actual bias on the part of the judge or decisionmaker [that] is too high to be constitutionally tolerable." ' " (*Freeman*, *supra*, 47 Cal.4th at p. 996.)

In the present appeal, however, we are unable to apply this standard in order to reach the merits of Popescu's claim of judicial bias.

First, Popescu has forfeited this legal argument by failing to develop it or support it with authority. (Rule 8.204(a)(1)(B); *Cairns*, *supra*, 188 Cal.App.4th at p. 949.) We do not invoke this forfeiture as a technicality. We know that "the floor established by the Due Process Clause [of the U.S. Constitution] clearly requires a 'fair trial in a fair tribunal,' [citation], before a judge with no *actual* bias against the defendant or interest in the outcome of his particular case." (*Bracy v. Gramley* (1997) 520 U.S. 899, 904-905 (italics added), quoted approvingly in *Chatman*, *supra*, 38 Cal.4th at p. 363; see *Freeman*, *supra*, 47 Cal.4th at p. 996 ["there must exist ' "the probability of actual bias on the part of the judge or decisionmaker [that] is too high to be constitutionally

9

tolerable" ' "].)  However, Popescu has not explained whether — and if so, how — this standard applies to Judge Majors-Lewis's purported behavior.

Moreover, Popescu's failure to provide a reporter's transcript of the proceedings is fatal to his argument.  We have previously described "judicial bias" as " 'a predisposition to decide a cause or an issue in a certain way, which does not leave the mind perfectly open to conviction.' "  (*Pacific etc. Conference of United Methodist Church v. Superior Court* (1978) 82 Cal.App.3d 72, 86.)  In determining whether "the probability of bias on the part of a judge is so great as to become 'constitutionally intolerable,' " the "*standard is an objective one*."  (*Freeman*, *supra*, 47 Cal.4th at p. 1001, italics added; see *id.* at p. 996 [determination of judicial bias is "based on an *objective assessment* of the circumstances in the particular case" (italics added)].)  Without a reporter's transcript, we are unable to determine — let alone objectively determine — *any* of the circumstances in Judge Majors-Lewis's courtroom on the date of the hearing.  All we have in the appellate record from the contested proceedings before Judge Majors-Lewis is a minute order that identifies the parties and witnesses and contains the rulings denying the injunction and dissolving the TRO.  The minute order does not suggest, let alone establish, bias.  By failing to provide an adequate record, Popescu has not met *his* burden of establishing bias, prejudice or hostility by Judge Majors-Lewis.  (*Ballard*, *supra*, 41 Cal.3d at p. 574; *Mountain Lion Coalition*, *supra*, 214 Cal.App.3d at p. 1051, fn. 9.)

10

## DISPOSITION

The order denying the requested injunction and dissolving the temporary restraining order is affirmed.  Kennedy is awarded his costs on appeal.  (Cal. Rules of Court, rule 8.278(a).)


IRION, J.

WE CONCUR:


BENKE, Acting P. J.


O'ROURKE, J.