Filed 3/25/15  P. v. Delatorre CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>RICARDO DELATORRE,<br><br>  Defendant and Appellant. | H041287<br>(Monterey County<br> Super. Ct. No. SS140691A) |

Defendant Ricardo Delatorre was convicted by jury of one felony count of driving under the influence of alcohol (Veh. Code, § 23152, subd. (a)) and one count of possessing an open container of alcohol in a vehicle (Veh. Code § 23222, subd. (a), an infraction).  (Further undesignated statutory references are to the Vehicle Code.)  The jury also made a finding that defendant had refused a chemical test (§ 23577, subd. (a)).  In a bifurcated proceeding, the trial court found that defendant (1) had served a prior prison term and (2) had a prior conviction for felony driving under the influence, which supported treating this case as a felony under section 23550.5.  The court sentenced defendant to four years in prison.

We appointed counsel to represent defendant in this court.  Appointed counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), which stated the case and the facts, but raised no specific issues on appeal.  We notified defendant of his right to submit written argument on his own behalf within 30 days.

Defendant has filed four supplemental letter briefs that raise several issues. After reviewing the entire record, we conclude that none of the issues defendant raised in his supplemental letter briefs has any merit and that there is no arguable issue on appeal. We will therefore affirm the judgment.

FACTS

On November 21, 2013, at approximately 12:30 a.m., California Highway Patrol (CHP) officers Rosendo Hernandez and Michael Orta were on patrol, driving southbound on U.S. Highway 101 in Prunedale, when they saw a metal pipe in the road blocking the number two (slow) lane. The officers stopped and removed the pipe from the highway.

Officer Hernandez then saw a pick-up truck with a trailer and a recreational vehicle (RV) stopped south of his location, in the merge lane from southbound Highway 101 to westbound Highway 156. The RV was stopped at a 45 degree angle across the lane with its right front corner resting on the concrete guardrail. The pipe the officers found on the freeway was part of the RV's awning. The rest of the awning was "dragging on the asphalt" and there was debris from a broken taillight in the merge lane. Officer Hernandez observed damage to the right side and right front corner of the RV.

The officers pulled their patrol car forward. As Officer Hernandez got out of the patrol car, he saw defendant exit the driver's side door of the RV. Defendant walked toward the pick-up truck. The officer noticed that defendant was "unsteady on his feet," stumbling and swaying from side to side. Upon questioning by the officer, defendant admitted driving the RV and said he was driving from San José to San Diego. According to Officer Hernandez, defendant was the only person in the RV. Defendant's speech was slurred; he had red, watery eyes and a strong smell of alcohol on his breath. The officer asked defendant whether he had consumed alcohol. Defendant denied any alcohol consumption.

2

After questioning defendant and ruling out other potential causes of these signs, Officer Hernandez decided to administer four field sobriety tests (FST's): (1) the horizontal gaze nystagmus test, (2) the Romberg test, (3) the finger count test, and (4) a preliminary alcohol screening (PAS) breath test using an intoximeter PAS device. Defendant's performance on each test was consistent with impairment due to alcohol consumption. The Romberg test requires the subject to stand still, put his head back, and estimate 30 seconds. After three seconds, defendant yelled "30, 30, 30," paused, yelled "30" again, and grinned at the officer. The finger count requires the subject to touch each finger on one hand to the thumb on the same hand and count to four forwards and backwards ("1-2-3-4-4-3-2-1"). Defendant wiggled his fingers, did not touch them to his thumb, and counted to 18. With respect to the PAS breath test, Officer Hernandez testified that defendant would not seal his lips properly around the breathing tube on the PAS device; the officer therefore had to "manually capture" three readings. The test results were: 0.298, 0.190, and 0.264 percent blood alcohol content, which did not meet the test criteria of two readings within 0.02 percent of each other. Officer Hernandez did not do the one-legged stand test because defendant was unsteady on two legs and did not appear to be able to stand on one leg.

While Officer Hernandez administered the FST's, Officer Orta looked inside the RV and determined it was still in "drive." Officer Orta also observed open containers of alcohol in the passenger compartment, including vodka bottles and beer cans, and reported this observation to Officer Hernandez. Officer Hernandez saw the same containers later when he moved the RV.

Officer Hernandez concluded that defendant made an unsafe lane change from the number two lane into the merge lane and collided with the pick-up truck. Based on the totality of his observations—defendant's red, watery eyes, slurred speech, unsteady gait, stumbling, inability to maintain his balance and stand still, inability to follow simple instructions, poor performance on the field sobriety tests, the odor of alcohol, and the

3

presence of open containers in the RV—Officer Hernandez concluded that defendant was impaired for driving and placed him under arrest for driving under the influence. The officer told defendant that state law required him to submit to a chemical test—either a breath test or a blood test. Defendant elected to take a blood test.

Officer Hernandez transported defendant to Natividad Medical Center in Salinas to do the blood test. At the hospital, defendant refused to sign the consent form for the blood test. Officer Hernandez admonished him in accordance with sections 23154 and 23612 regarding the consequences of failing to submit to a chemical test. Defendant continued to refuse the test.

## PROCEDURAL HISTORY

According to documents defendant submitted to this court with his supplemental letter briefs,[1] he was originally charged in Monterey County Superior Court Case No. MS317517A with two misdemeanors: (1) driving under the influence (§ 23152, subd. (a)) and (2) driving with a blood alcohol in excess of 0.08 percent (§ 23152, subd. (b)). The complaint also alleged enhancements for excessive blood alcohol and for refusing to submit to a chemical test. It also alleged two infractions. The misdemeanor case was set for a jury trial in March 2014.

On the first day of trial in the misdemeanor case, the prosecutor advised the court that defendant had four prior convictions for driving under the influence and that the prosecution intended to re-file this case as a felony. The trial date was vacated.

---

[1] On our own motion, we take judicial notice of the court documents from Case No. MS317517A that are attached to defendant's letter brief received on February 24, 2015. (Evid. Code, §§ 452, subd. (d); 459.) But we will not judicially notice or otherwise consider the following documents attached to defendant's fourth supplemental letter brief because these documents were not presented to the trial court: (1) excerpts from the police report, (2) the pre-booking sheet from the Monterey County Jail, (3) the traffic citation issued at the scene, and (4) a copy of defendant's driver's license.

That same day, the prosecution filed the felony complaint in this case—Monterey County Superior Court Case No. SS140691A. The complaint charged defendant with (1) felony driving under the influence (§ 23152, subd. (a); count 1) and (2) felony driving with a blood alcohol in excess of 0.08 percent (§ 23152, subd. (b); count 2). Both counts contained enhancement allegations that defendant had refused to submit to a chemical test (§§ 23577, 23578, and 23538(b)(2)). The complaint also alleged two infractions: (1) driving without evidence of financial responsibility (§ 16028, subd. (a)) and (2) possession of an open container while driving (§ 23222, subd. (a)). The prosecution subsequently amended the complaint to add enhancement allegations to the felony counts that defendant had served a prior prison term (Pen. Code, § 667.5) and that his blood alcohol level was in excess of 0.15 (§ 23578). Defendant pleaded not guilty.

On April 4, 2014, the court conducted a preliminary hearing and heard Defendant's motion to exclude evidence of the PAS breath test Officer Hernandez had done. At the preliminary hearing, Officer Hernandez testified regarding the PAS device, his training and experience using it, CHP procedures for calibrating the device, and the procedures followed in this case. The court denied defendant's motion to exclude evidence of the PAS test, finding that problems with the test went to its weight and not to its admissibility. The court held defendant to answer on all counts.

The prosecution filed an information that contained the same charges and enhancement allegations as the felony complaint. In May 2014, defendant filed a motion pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 seeking evidence of complaints against Officer Hernandez and his disciplinary record regarding "dishonesty" and whether he had fabricated charges in the past. In a declaration, defense counsel argued that the fabrication of evidence and false reports were substantial issues, challenged multiple aspects of the PAS test, and asserted that Officer Hernandez never took defendant to the hospital and that the officer lied about the open containers.

Defendant did not submit a declaration in support of the motion and subsequently withdrew his *Pitchess* motion.

The case went to trial in June 2014. At the beginning of trial, the prosecution dismissed the driving with a blood alcohol in excess of 0.08 count (§ 23152, subd. (b); count 2), the enhancements attached thereto, and the driving without evidence of financial responsibility count (§ 16028, subd. (a); count 3). Defendant filed a motion in limine to exclude evidence of the PAS test, which was granted. Defendant's evidence at trial included the testimony of Stanley Dorrance, an expert on FST's.

At the end of the three-day trial, the jury found defendant guilty of driving under the influence (§ 23152, subd. (a)) and possessing an open container (§ 23222, subd. (a)). The jury also found that defendant had refused to submit to a chemical test. In a bifurcated proceeding, the court found true the allegation that defendant had a prior conviction for which he had served a prison term. The court also found that defendant was convicted of felony driving under the influence in 2008, which supported a conviction for felony driving under the influence in this case. (§ 23550.5.) The 2008 felony conviction was based on three prior convictions for driving under the influence.

According to the probation report, defendant's criminal history included four prior convictions for driving under the influence (§ 23152), seven misdemeanor convictions, and two infractions. His prior convictions included resisting a peace officer, fighting in public, threatening a witness or crime victim, carrying a concealed dagger, driving with an open container, and driving while his license was suspended for driving under the influence. Defendant has been on probation continuously since December 2001.

The court sentenced defendant to the upper term of three years in prison for driving under the influence, plus one year for the prior prison term enhancement, for a total of four years. The court imposed a $1,200 restitution fine (Pen. Code, § 1202.4), and imposed but suspended a $1,200 parole revocation restitution fine (Pen. Code, § 1202.45). The court imposed the minimum fine under section 23550.5 ($390) plus

6

penalty assessments, for a total of $1724.  The court also ordered court facilities assessments ($65; Gov. Code, § 70373), court operations assessments ($80, Pen. Code, § 1465.8), and emergency air transport fees ($8, Gov. Code, § 76000.10, subd. (c)(1)) on both counts and imposed a $275 fine (which included penalty assessments) on the open container count.

## DISCUSSION

Defendant has submitted four letter briefs to this court, which we received on January 5, 6, and 15, and February 24, 2015.  Although his fourth letter brief was a month late, in reviewing this case, we have considered each of defendant's letter briefs.

The letter briefs consist, in part, of citations to broad, general legal concepts without specifying the manner in which defendant's legal rights were violated.  In particular, defendant asserts violations of his First Amendment, Fourteenth Amendment, and due process rights under both the federal and state constitutions without stating how those rights were violated in this case.  Our review has not disclosed any such violations.

Defendant contends that count 1 was alleged "without the strictness of proof required in all prosecutions" in that the information failed to allege the dates of the prior violations that supported charging defendant with driving under the influence (§ 23152, subd. (a)) as a felony under section 23550.  But the information cited both sections 23550 and 23550.5 as the basis for charging a felony.  Section 23550 provides that driving under the influence may be punished as a felony if the defendant has three or more convictions for driving under the influence in the past 10 years.  Section 23550.5 provides that driving under the influence may be punished as a felony if the defendant has one or more prior felony convictions for driving under the influence in the past 10 years.  The information alleged that defendant was convicted of felony driving under the influence on April 4, 2008, in Santa Clara County Superior Court Case No. CC782523.  The prosecution proved this allegation in the bifurcated court trial and presented evidence that

7

the prior felony conviction was based on conduct that occurred in 2007. Thus, there was substantial evidence that the conduct that led to defendant's first felony conviction for driving under the influence occurred with 10 years of the incident in this case. We therefore reject this contention.

Defendant makes a series of arguments that are difficult to decipher relating to the pleadings. As part of our independent review, we carefully reviewed the misdemeanor complaint, the felony complaint, and the information and found no arguable issues related to the pleadings.

Defendant complains that misdemeanor Case No. MS317517A was never brought to trial or that he was denied his speedy trial right in that case. His letter briefs also mention the statute of limitations. The misdemeanor case was dismissed and defendant did not appeal in that case. The limited record we have from that case, which we have judicially noticed, indicates that defendant initially waived time and then withdrew his time waiver on February 19, 2014. Upon withdrawal of his time waiver, the case was set for trial in March 2014. Upon discovering defendant's prior convictions for driving under the influence, the prosecution dismissed the original misdemeanor complaint and filed a new felony complaint, well within the three-year statute of limitations. (Pen. Code, § 801.) There was no prejudicial error related to the dismissal of the original misdemeanor complaint.

Defendant's fourth letter brief contains excerpts from the record in misdemeanor Case No. MS317517A, which defendant has annotated in an apparent effort to bring certain points to our attention. Since that case is not the subject of this appeal, those points are not properly before us.

Defendant argues that the trier of fact improperly relied on presumptions as evidence, but he does not identify which presumptions were improperly relied upon, nor does he provide any citation to the record to support this contention. Our independent review of the record discloses no such error.

Defendant challenges the evidence, arguing: (1) the traffic citation was "outrageous" because Officer Hernandez did not check the "accident collision" box; (2) the PAS test was not "incidental," presumably meaning incidental to his arrest under a Fourth Amendment search and seizure analysis; and (3) the "officer's ineffective Ludicrous Report" was a "[f]orgery." Since the traffic citation was not in evidence below, we shall not consider it on appeal. (*Pulver v. Avco Financial Services* (1986) 182 Cal.App.3d 622, 632 [documents that were not presented to the trial court cannot be considered on appeal].) We reject the argument regarding the PAS test, since the jury did not hear any evidence regarding that test. With respect to the "Ludicrous Report," it is not clear which report defendant is referring to. The police report was not in evidence and is not in the record. Although the officer's statement regarding his observations of defendant's impairment (DMV form DS 367) was in evidence, defendant presented no evidence that it was forged. At trial, Officer Hernandez acknowledged that he made several mistakes filling out the DS 367 form. That point was thoroughly explored by defense counsel and brought to the jury's attention. Thus, none of these arguments have merit.

Defendant complains of a series of discussions outside the presence of the jury in which the court and counsel discussed how to handle a notation on the DS 367 form, which indicated that Officer Hernandez had defendant surrender his driver's license at the scene because of a blood alcohol level in excess of 0.08. Outside the presence of the jury, Officer Hernandez testified that he had defendant surrender his license based on the results of the PAS test. The issue was how to deal with the notation on the DS 367 form in light of the order in limine excluding evidence of the PAS test. The attorneys and the trial court ultimately agreed to redact a check mark in a box that might have opened the door to a discussion of the PAS test. Exclusion of the evidence of the PAS test was favorable to defendant. There was no error related to the handling of this issue.

9

On the second day of trial, the court struck Officer Hernandez's testimony that the RV was in "drive" on hearsay grounds, since that testimony was based on a statement made by Officer Orta. Defendant contends the trial erred when it refused his motion to strike similar testimony from the previous day. The trial court denied the motion to strike on the ground that defendant had not objected at that time. Even if that ruling was made in error, there was no prejudice to defendant because the prosecution had Officer Orta come to court the following day to testify that he personally observed that the RV was in drive.

Defendant asks us to "double check" and "scrutinize" certain portions of the jury instructions. We have reviewed the jury instructions carefully as part of our independent review under *Wende* and find no error.

Defendant challenges a portion of the prosecutor's opening argument—argument regarding the implied consent admonition Officer Hernandez gave defendant after he refused the chemical test—on the ground that there was no evidence the officer gave this admonition. The record reveals there was substantial evidence supporting the prosecution's argument on this point.

Defendant asks us to scrutinize a portion of his counsel's closing argument to the jury, which challenged the jurors to think for themselves and urged them not to rely solely on Officer Hernandez's testimony. Our review discloses no error related to that argument.

Defendant contends his attorney erred when he agreed that defendant need not be present in court for the limited purpose of excusing the jurors for lunch breaks during deliberations. This contention has no merit since the jurors only deliberated for 46 minutes before reaching a verdict and never took a lunch break.

Defendant argues the evidence used to prove his 2008 conviction for felony driving under the influence was "forged." There is no merit to this contention. In proving the prior felony conviction, the prosecution relied on certified copies of records

10

from the Santa Clara County Superior Court. Defendant did not introduce any evidence that challenged the authenticity of those records.

Defendant's letter briefs include several remarks regarding factual statements in the probation report about his criminal history. But it is not clear whether he is asserting any error in the presentation of his criminal history. To the extent his letter brief can be understood to challenge the factual assertions in the probation report, the time to do that was in the trial court. Since no such claims were made below, they have been forfeited.

*Conclusion*

The issues raised in defendant's supplemental letter briefs are without merit. We have reviewed the entire record pursuant to *Wende*, *supra*, 25 Cal.3d 436. Based upon that review, we conclude there is no arguable issue on appeal.

DISPOSITION

The judgment is affirmed.

11

_____

Márquez, J.

WE CONCUR:


_____

Bamattre-Manoukian, Acting P.J.



_____

Mihara, J.