Filed 1/4/16  Federal National Mortgage Assn. v. Bhandari CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>AMRIT BHANDARI,<br><br>    Defendant and Appellant. | G050618<br><br>(Super. Ct. No. 30-2013-00649582)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Franz E. Miller, Judge.  Affirmed.

Amrit Bhandari, in pro. per., for Defendant and Appellant.

RCO Legal and Jason A. Savlov for Plaintiff and Respondent.

\*                    \*                    \*

Defendant Amrit Bhandari appeals from a judgment against him and his wife, Sheela Bhandari, in favor of plaintiff Federal National Mortgage Association. The judgment stated plaintiff had standing to sue defendant and his wife and also cancelled two documents the court found were interfering with plaintiff's right to foreclose on real property owned by defendant and his wife.

Defendant argues neither plaintiff, nor the original plaintiff in the action, JPMorgan Chase Bank, National Association (JPMorgan) had standing to pursue this action. He also claims plaintiff was not properly substituted as a party into the case. Finally, he maintains the court erred in denying his motion to dismiss the action.

Finding no error, we affirm.

### FACTS AND PROCEDURAL HISTORY

In 1987 defendant and his wife borrowed $279,000 (Loan) from Home Savings of America, F.A. to purchase real property in Irvine (Property). They executed a promissory note (Note) secured by a deed of trust (Deed of Trust). Prior to October 2012, Home Savings of America, F.A. merged with and was acquired by Washington Mutual Bank, F.A., which later went into receivership, with the Federal Deposit Insurance Corporation (FDIC) acting as receiver. In October 2012 the FDIC assigned the interest in the Deed of Trust to JPMorgan.

In January 2011, defendant and his wife defaulted on the Loan. They have not made a payment since December 2010. As of the date of trial the amount in arrears was almost $66,000 and the payoff was just over $217,000.

In May 2011 defendant and his wife executed and recorded a UCC Financing Statement that purported to offset the Loan in the amount of $175,193.72. In October 2011, defendant and his wife executed and recorded a document titled Notice of Intent to Preserve an Interest that purported to cancel the Deed of Trust. (These two documents are collectively referred to as the "Documents.) JPMorgan did not authorize either an offset or cancellation.

2

In May 2013 JPMorgan filed this action seeking, among other things, to cancel the two Documents.

In April 2014 JPMorgan assigned the Deed of Trust to plaintiff. In July, plaintiff was substituted into this action in place of JPMorgan.

After a bench trial, the court concluded plaintiff had standing and cancelled the Documents. It ruled the Documents were "a cloud on the title of the [P]roperty which would hamper or prevent [plaintiff's] ability to foreclose on the [P]roperty." It also ruled the Documents were recorded without JPMorgan's or plaintiff's authorization and were null and void.[1]

Additional facts are set out in the discussion.

## DISCUSSION

### 1. Deficiencies of Defendant's Briefs

A substantial portion of defendant's briefs improperly refer to documents and facts not presented at trial. This includes three of the four documents appended to the opening brief, to wit, two copies of the Note, one of which purports to show its transfer, and a printout from plaintiff's Web site. Because they are not part of the record, we do not consider them or any argument based upon them. (*Kendall v. Barker* (1988) 197 Cal.App.3d 619, 625; *Pulver v. Avco Financial Services* (1986) 182 Cal.App.3d 622, 632; see Cal. Rules of Court, rule 8.204(a)(2)(C) [opening brief must include "summary of the significant facts limited to matters in the record"].)[2]

---

[1] Defendant did not raise as an issue the ruling nullifying the Documents and thus has forfeited that claim. (*Behr v. Redmond* (2011) 193 Cal.App.4th 517, 538.)

[2] A party appearing in propria persona is held to the same standards as a party represented by counsel. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247 [appellant's issues forfeited due to defects in opening brief].) A self-represented litigant is not entitled to "special treatment." (*Stebley v. Litton Loan Servicing, LLP* (2011) 202 Cal.App.4th 522, 524.)

In addition, much of defendant's argument relies on facts for which no record reference is given. California Rules of Court, rule 8.204(a)(1)(C) requires a brief to "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." We will generally disregard facts and arguments not supported by adequate citations to the record. (*Provost v. Regents of University of California* (2011) 201 Cal.App.4th 1289, 1294.)

Furthermore, California Rules of Court, rule 8.204(a)(1)(B) requires that there be a separate heading for each discrete issue. Although there are headings in defendant's briefs, arguments often are mixed indiscriminately throughout, many repeated a number of times under various headings, significantly hindering our review. Although we decline to deem all claims forfeited and attempt to address on the merits the issues we believe were raised, it may be that we will inadvertently overlook an argument buried in under a different topic heading. (*Provost v. Regents of University of California*, *supra*, 201 Cal.App.4th at p. 1294 ["we do not consider all of the loose and disparate arguments that are not clearly set out in a heading and supported by reasoned legal argument"].) Moreover, once we have disposed of an issue it will not necessarily be discussed again in connection with other claims. (*Id*. at pp. 1294-1295.) In addition, if defendant intended to make any other arguments or claims, they are forfeited for lack of separate headings, authority, or reasoned legal argument.

Finally, we do not consider much of the legal authority as it is inapt, irrelevant, and "'discuss[ed] in a vacuum.'" (*In re Marriage of Schnabel* (1994) 30 Cal.App.4th 747, 754.)

2. *Substitution of Plaintiff Into Action*

Defendant challenges the substitution of plaintiff into the action. Relying on Code of Civil Procedure section 2015.5, he disputes the validity of the "'California Assignment of Deed of Trust'" because the assignment was notarized by a Louisiana

4

notary public. But section 2015.5 deals with declarations under penalty of perjury, not notarized documents.

Defendant also claims nothing in the record shows JPMorgan's motion to substitute plaintiff in its place was granted. But the court issued an order dated July 30, 2014 specifically granting the motion. Thus, plaintiff is not a third party seeking to assert JPMorgan's rights, as defendant argues.

"An action or proceeding does not abate by the transfer of an interest in the action or proceeding or by any other transfer of an interest. The action or proceeding may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding." (Code Civ. Proc., § 368.5.)

3. *Plaintiff's Standing to Sue*

Defendant challenges "plaintiff's" standing to sue on several grounds.[3] The crux of his argument is that JPMorgan had no standing to challenge the filing of the Documents because it has no right to foreclose on the Deed of Trust. Defendant's claims do not persuade.

Defendant's primary contention is that JPMorgan neither alleged[4] nor proved the Note was ever transferred to it or that it had possession of the Note or some other basis to enforce it. But JPMorgan, and therefore plaintiff, as beneficiary under the Deed of Trust, has the right to foreclose. (Civ. Code, § 2924, subd. (a)(1).) There is no requirement the foreclosing party possess a note. (*DeBrunner v. Deutsche Bank National Trust Co.* (2012) 204 Cal.App.4th 433, 440 [foreclosing party need not possess note]; see also *Jenkins v. JP Morgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 512-513

---

[3] When defendant speaks about plaintiff he means JPMorgan. We will refer to JPMorgan by its name.

[4] Challenges to the complaint at this stage in the case are irrelevant. The record reveals there was evidence plaintiff held the Deed of Trust and had the bundle of rights, including the right to foreclose.

5

[nonjudicial foreclosure statutes "do not require that the foreclosing party have an actual beneficial interest in both the promissory note and deed of trust to commence and execute a nonjudicial foreclosure sale"].)  This defeats defendant's claim the transfer of the Deed of Trust alone without the Note severs the two making the Deed of Trust "'a worthless piece of paper'"

In addition, defendant asserts the Loan was securitized, contending the trustee of the securitization trust and not the servicing agent is the real party in interest. Defendant claims Banker's Trust as Trustee of the securitization trust is the real party in interest.[5]  But a legal beneficiary's standing to enforce the trust deed is not affected by securitization.  (E.g., *Sami v. Wells Fargo* (N.D.Cal., Aug. 3, 2012, No. C 12–00108 DMR) 2012 U.S. Dist. Lexis 38466.)

Defendant also relies on the court's statement after trial that "[e]ven if one could infer from the testimony that at some point in time the interest in the Note and Deed of Trust had been transferred to another bank . . . [¶] . . . [¶] . . . still does not show that the relevant time that JPMorgan Bank and then [plaintiff ] were the holders of those documents; . . . ."  He argues this shows neither JPMorgan nor plaintiff had standing.  We disagree.

The court's statement is somewhat unclear, but that makes no difference. The remaining part of the sentence is critical.  It states, "[T]herefore, the court will determine that the plaintiff has standing."  Moreover, in the paragraph preceding the statement on which defendant relies, the court was evaluating defendant's only witness, who testified about the "nature and validity of the various transfers of the Loan."  The court specifically did not find the testimony credible.

Defendant relies on the fact plaintiff's witness, Lindsay Saxton, employed by a "subserver" of plaintiff, had no evidence of the ownership or details of the Loan in

_____

[5] Defendant points to no evidence in the record to support this claim about Banker's Trust.

the 1980's. But the relevant evidence is who is the current beneficiary of the Deed of Trust. The court found there was evidence the Deed of Trust[6] was transferred by Washington Mutual Bank, F.A. to JPMorgan to plaintiff.

When, as here, defendant challenges the sufficiency of the evidence we start with the presumption the judgment is correct. (*Cahill v. San Diego Gas & Electric Co*. (2011) 194 Cal.App.4th 939, 957.) "'[T]he evidence [is viewed] in the light most favorable to the prevailing party, giving it the benefit of every reasonable inference.'" (*Id*. at pp. 957-958 ) If "'"there is any substantial evidence, contradicted or uncontradicted," to support the findings,'" we "must uphold that finding." (*Ibid*.) We may not reweigh or resolve conflicts in the evidence or redetermine the credibility of witnesses. (*Citizens Business Bank v. Gevorgian* (2013) 218 Cal.App.4th 602, 613.)

Thus, defendant's claim he has "presented the existence of unresolved factual disputes" that challenge the "validity" of the judgment is of no moment.

Likewise, we reject defendant's argument the assignment of the Deed of Trust from the FDIC to JPMorgan and the assignment of Deed of Trust from JPMorgan to plaintiff were fraudulent and forged. Defendant points to nothing in the record to support this contention.

Finally, there is no evidence defendant and his wife paid off the Loan. The citation to the record in support of this claim is merely defendant arguing that point at trial. The court found plaintiff proved the Loan had not been paid, but was in arrears, and there had been no payment since December 2010.

*4. Denial of Motion to Dismiss*

Just prior to trial, defendant and his wife filed an ex parte motion to dismiss the action with prejudice, making the same claim of JPMorgan's lack of standing and

---

[6] Neither party directs us to evidence supporting the court's finding the Note transferred as well. That is irrelevant, however. As discussed above, plaintiff did not need to have the Note transferred to give it an interest under the Deed of Trust.

also contending the lack of a justiciable controversy.  The motion was 18 pages long, including a 3-page declaration by defendant.  Attached were 61 pages of exhibits.

Code of Civil Procedure section 583.150, the purported statutory basis of the motion, is a part of the chapter covering dismissal of actions for delay in prosecution and provides only that the court's authority to dismiss or impose sanctions is not abrogated by the chapter.

Courts have broad inherent powers, including "'fundamental inherent equity, supervisory, and administrative powers, as well as inherent power to control litigation.'  [Citation.]"  (*Stephen Slesinger, Inc. v. Walt Disney Co.* (2007) 155 Cal.App.4th 736, 758.)  Courts may dismiss an action for, among other things, failure to diligently prosecute, where the complaint is a sham or the action vexatious, or due to litigation misconduct.  (*Id*. at pp. 758-759, 760.)  None of these or any other valid grounds were shown in the motion.

Rather, the motion argued the merits of the case, something to be done either by a motion for summary judgment or defending the case at trial.  The court properly denied the motion.  As a result, we do not consider any of the substance of the motion.

## DISPOSITION

The judgment is affirmed.  Plaintiff is entitled to costs on appeal.


THOMPSON, J.

WE CONCUR:


ARONSON, ACTING P. J.


FYBEL, J.

8