Filed 1/6/16  P. v. Guerrero CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MARTIN HERRERO GUERRERO,<br><br>Defendant and Appellant. | F069598<br><br>(Super. Ct. No. 11322)<br><br>**OPINION** |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Mariposa County.  Wayne R. Parrish, Judge.  (Retired judge of the Mariposa County Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Rebecca P. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Kane, Acting P.J., Poochigian, J. and Peña, J.

Appellant Martin Herrera Guerrero pled no contest to infliction of corporal injury on a cohabitant, with a prior, a felony (count VIII/Pen. Code, §§ 273.5, subd. (a) & former 273.5, subd. (c)(1))[1] and dissuading a witness, a felony (count XI/§ 136.1, subd. (b)(2)) and he admitted a great bodily injury enhancement (§ 12022.7, subd. (a)) in count VIII, a serious felony enhancement (§ 667, subd. (a)(1)) and allegations that he had a prior conviction within the meaning of the three strikes law (§ 667, subds. (b)-(i)).

Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Maria M. was involved in an intimate relationship with Guerrero for six years and lived with him in a house in Mariposa County. On May 17, 2013, Maria was at home with Guerrero when he became erratic, angry and began repeatedly accusing her of having sexual relations with other people in the neighborhood. Eventually, Maria went outside and began walking away from the house. When she was about 100 yards away, Guerrero caught up to Maria, picked her up, and carried her back to the house. Maria tried to leave again but Guerrero began yelling and told her that if she left, he would pull her back into the house by her hair.

On May 18, 2013, Guerrero again began repeatedly yelling at Maria. However, Maria was unable to leave because each time she went outside to her garden intending to go, Guerrero would be there. At 3:00 p.m., she tried to walk out the front door and leave but Guerrero told her to get back in the house. Maria responded that she did not want to. Guerrero grabbed her by the arm, threatened to pull her hair, and brought her back inside the house.

On May 19, 2013, the situation remained the same with Maria still wanting to leave but Guerrero not letting her and threatening to hit her and pull her back into the

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

house by her hair. However, at 3:00 p.m. Guerrero walked with Maria to the Oasis Market, which was located nearby. At the market, a man let Maria use his phone. She called her daughter to pick her up but her daughter was unable to. When they returned to the house and were at the front porch, Guerrero became angry and started accusing Maria of calling someone other than her daughter. He also told Maria he was going to talk to the man who lent her the phone and find out to whom she spoke. Instead, Guerrero began pushing her toward the front door. Maria grabbed the porch railing and put her foot against a step on the porch. Suddenly, she felt pain in her left arm and her arm swelled. Maria let go of the railing, ran inside the house to the shower, and put cold water on her arm.

After they went to bed that night, Maria got up to use the bathroom. When she returned, Guerrero bit her and told her he wanted to have sex, but she told him she did not want to. Guerrero was insistent and she eventually let him have intercourse with her because she did not want him to bite her again.

On May 20, 2013, after telling Guerrero she wanted to leave, Maria went into a closet to get a book bag. Guerrero pushed her, took the bag from her, and threatened to pull her hair. Maria went outside into the garden hoping Guerrero would go to work, but he did not. When Guerrero went outside and asked her what she was doing, she went back inside the house.

That evening, Guerrero did not like what Maria cooked for dinner. He began hitting Maria with a belt and he continued hitting her, even after the belt buckle broke. When he finished, Guerrero told Maria she could leave. Maria went out the back door and was at the driveway when Guerrero caught up to her, grabbed her by the hair and began pulling her back to the house. Maria screamed and yelled at him not to hit her anymore. Guerrero told Maria that he was going to have anal sex with her all night. Guerrero dragged Maria onto a bed in the house and sexually assaulted her. During the assault he stopped to look for Vaseline but after not finding any, he continued sexually

3.

assaulting her. Maria did not recall how long the assault lasted because she eventually passed out.

On May 22, 2013, Maria woke up between 6:00 a.m. and 6:30 a.m. After washing up, she ran to the Oasis Market where she called her daughter, told her to call the police, and waited for them to arrive. Guerrero was arrested that day.

During her ordeal, Maria sustained an injury to one hip and bruising on her right leg from being beaten with the belt and dragged. She also had bruising on her arm from being dragged or grabbed, bruising on her other hip, and similar injuries on one of her thighs.

On March 13, 2014, the prosecutor filed a second amended information charging Guerrero with kidnapping with the intent to commit forcible sodomy (count I/§§ 209, subd. (b)(1) & 286, subd. (c)(2)(A)), forcible rape (count IV/§ 261, subd. (a)(2)), kidnapping (count V/§ 207, subd. (a)), false imprisonment (count VII/§ 236), infliction of corporal injury on a cohabitant, with a prior, (count VIII/§ 273.5, subd. (a)), assault with a deadly weapon (count IX/§ 245, subd. (a)(1)), two counts each of forcible sodomy (counts II & III/§ 286, subd. (c)(2)(A)), and disobeying a domestic relations court order (counts XII & XIII/§ 273.6, subd. (a)), and three counts of dissuading a witness (counts VI, X & XI/§ 136.1, subd. (b)(1) or (b)(2)). Additionally, counts II and III alleged two circumstances pursuant to section 667.61, and count VIII alleged a great bodily injury enhancement (§ 12022.7, subd. (a)). The information also alleged a serious felony enhancement (§ 667, subd. (a)), five prior prison term enhancements (§ 667.5, subd. (b)(1)), and that Guerrero had a prior conviction within the meaning of the three strikes law (§ 667, subds. (b)-(i)).

Guerrero then entered his plea as detailed above in exchange for a stipulated term of 17 years four months and the dismissal of the remaining counts and allegations. As part of his plea agreement, Guerrero also gave up his right to appeal issues "related" to his strike conviction and his stipulated sentence.

4.

On April 10, 2014, the court sentenced Guerrero to the stipulated prison term of 17 years four months as follows: an eight-year term on count VIII (the middle term of four years, doubled to eight years because of Guerrero's strike conviction), a three-year great bodily injury enhancement in that count, a 16-month term on his conviction in count XI (one third the middle term of two years, doubled to 16 months because of Guerrero's strike conviction), and a five year serious felony enhancement.

On June 3, 2014, Guerrero filed a timely appeal and the trial court issued Guerrero a certificate of probable cause.

Guerrero's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) However, in a document[2] filed on December 15, 2014, Guerrero contends: (1) he was coerced into accepting a plea bargain by being told that he faced a sentence of 50 years to life; (2) he did not enter his plea freely and voluntarily because he was taking medication at the time; (3) the purpose of the two letters he wrote to Maria was to let her know what to do with his tools; and, (4) he hit Maria with a belt in self-defense because she started hitting him first. Additionally, in Guerrero's *Wende* brief, appellate counsel asks this court to consider whether Guerrero's prior strike conviction was a serious or violent felony within the meaning of the three strikes law.

Guerrero's claim that he was pressured into accepting a plea bargain by being told he was facing 50 years to life cannot be resolved on this record because it relies on facts outside the record. However, we note that he risked being sentenced to a term of 48

---

[2] Guerrero's response contains several documents we may not consider because it does not appear that they were part of the record before the trial court and they are not part of the record on appeal. (*Pulver v. Avco Fin. Servs.* (1986) 182 Cal.App.3d 622, 632 ["As a general rule, documents not before the trial court cannot be included as part of the record on appeal and thus must be disregarded as beyond the scope of appellate review."].)

years to life if he were convicted on just the rape count (count IV) and the two sodomy counts (counts II & III), and if the special circumstances in these last two counts were found true. (§ 264, § 667.6, subds. (d)(2) and (e).) Further, we conclude there is no merit to Guerrero's contention that he was under the influence of medication when he entered his plea because in his change of plea form Guerrero acknowledged that he had not consumed any "drugs, alcohol, or narcotics" within 24 hours and that he was sober when he filled out the form. Guerrero's contention that his prior assault conviction does not qualify as a strike conviction is not properly before us because as part of his negotiated plea, Guerrero waived his right to appeal any issues related to this conviction. Moreover, his claims that he hit Maria in self-defense and that he only communicated with Maria regarding his tools are not cognizable on appeal because they raise issues that go to his guilt or innocence on counts XII and XIII. (*In re Chavez* (2003) 30 Cal.4th 643, 649 [issues that concern the determination of guilt or innocence are not cognizable following a guilty or no contest plea].)

Further, following an independent review of the record we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.

6.