Filed 6/16/26  M.A. v. C.G. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| M.A., | D086023 |
| Appellant, | (Super. Ct. No. 19FL005322N) |
| v. | |
| C.G., | |
| Respondent; | |
| SAN DIEGO DEPARTMENT OF CHILD SUPPORT SERVICES, | |
| Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, Deborah A. Cumba, Court Commissioner.  Affirmed.

M.A., in pro. per., for Plaintiff and Appellant.

Linda Cianciolo for Defendant and Respondent C.G.

Rob Bonta, Attorney General, Cheryl F. Feiner, Assistant Attorney General, Maureen C. Onyeagbako and Jose Pablo Galan De La Cruz, Deputy Attorneys General for Respondent San Diego Department of Child Support Services.

## INTRODUCTION

This case stems from an acrimonious divorce and child custody matter, but the issue subject to this appeal is narrow. On February 26, 2025, the superior court found M.A. was behind on his child support payments, calculated the total arrearages, and ordered him to make payments on the past due amount. M.A. appeals from this order. Because he has failed to demonstrate any error on appeal, we affirm the court's order.

## BACKGROUND

M.A. and C.G. were married nine years and had two children before their separation in 2019. In February 2021, the family court entered judgment pursuant to the parties' stipulated marriage settlement agreement (MSA) to dissolve their marriage. Under the terms of the MSA, the parties shared joint legal and physical custody of the children. The original terms of the MSA also provided C.G. would reside with the children in the family home, while M.A. would pay a portion of his child support obligation to C.G. in the form of paying the home's mortgage and related expenses.

In August 2022, C.G. and the children moved out of the family home. The parties then entered into a stipulation and order regarding the MSA to clarify that M.A. would no longer pay any portion of his child support obligation toward costs of the home but, instead, would pay the entire amount directly to C.G. M.A.'s total child support obligation did not change.

In September 2024, the San Diego Department of Child Support Services (DCSS) filed a motion to enforce the child support order and determine arrears. On February 26, 2025, the family court held a hearing on the motion. The court found M.A. behind on his child support payments, calculated the arrearages, and ordered M.A. to make monthly payments of $450 to C.G. toward the past due amount.

2

DISCUSSION

I.

*Rules Governing Appellate Review*

It is a "cardinal rule of appellate review that a judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively shown." (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187 (*Foust*).) Because we must presume a trial court's judgment or order is correct, it is the appellant's burden to show error. (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348.) If the appellant cannot show error in the record, the presumption of correctness requires us to affirm the order. (*Foust,* at p. 187.) In meeting this burden, the appellant must comply with court rules, even if he is not represented by counsel. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)

California Rules of Court,[1] rule 8.124 sets forth the required contents of an appellant's appendix, M.A.'s choice of record. Relevant here, an appendix "*must not*" contain "documents or portions of documents filed in superior court that are *unnecessary for proper consideration of the issues*." (Rule 8.124(b)(3)(A), italics added.) The appellant's appendix does not comply with this rule. Originally, M.A.'s appendix included improper uncertified transcripts of court hearings and documents that were not before the family court at the time of the arrears order at issue here. On motion by C.G., we struck these exhibits. But most of the documents still included in the

---

[1] All further rule references are to the California Rules of Court.

3

appendix are relevant only to matters not subject to this appeal, such as a prior domestic violence restraining order (DVRO) and move-away order.[2]

In addition to providing an appropriate record, an appellant must present briefing that complies with rule 8.204. Rule 8.204 requires an appellant to "[s]tate each point under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation of authority" (rule 8.204(a)(1)(B)) and to "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears" (rule 8.204(a)(1)(C)). Also, "[m]atters not properly raised or that are lacking in adequate legal discussion will be deemed forfeited." (*Okorie v. Los Angeles Unified School Dist.* (2017) 14 Cal.App.5th 574, 600.) "In other words, it is not this court's role to construct theories or arguments that would undermine the judgment and defeat the presumption of correctness. Rather, an appellant is required to present a cognizable legal argument in support of reversal of the judgment. 'When an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary.' " (*Ibid.*)

M.A.'s briefing does not comply with these requirements. He devotes most of his arguments to matters unrelated to the child support arrears

---

[2] M.A. has presented his appendix in the form of a notice of lodgment of documents with exhibits attached. As stated, C.G. moved to strike many of these exhibits. We granted the motion in part, striking many of the exhibits, and deferred ruling with respect to the remainder of the exhibits. We now grant respondent's motion to strike with respect to exhibits 1.5, 2, 2.5, 3, 4, 5, 8, 18, 18.5, 18.6, 18.7, 19, 19.1, 19.3, 19.4, 20, 22, 23, 25.2, 26.2, 28.1, 28.4, 30, 32.2, 33, 34, 37, and 39. Those exhibits shall be stricken from the record. We deny the motion as to exhibits 19.5 and 25.1.

4

order, makes assertions without citing evidentiary support, and presents conclusory and undeveloped arguments. In fact, much of his briefing is devoted to rehashing the DVRO and move-away order, neither of which are subject to this appeal.

M.A. argues he is due "special solicitude" because he is not represented by counsel. He is mistaken. His status as a party appearing in propria persona does not allow for preferential consideration.[3] (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985.) "A party proceeding in propria persona 'is to be treated like any other party and is entitled to the same, but no greater[,] consideration than other litigants and attorneys.' . . . Indeed, ' "the in propria persona litigant is held to the same restrictive rules of procedure as an attorney." ' " (*First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 958, fn. 1 [citation omitted].)

Pursuant to these rules and principles, we disregard any asserted facts in M.A.'s briefs that are not properly part of the appellate record. (*Pulver v. Avco Fin. Servs.* (1986) 182 Cal.App.3d 622, 632.) And we deem waived any undeveloped argument or contention unsupported by legal authority and proper citation to the record. (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.) Nevertheless, we exercise our discretion to reach the merits of any decipherable, sufficiently developed argument relevant to the order being appealed.

---

[3] Additionally, M.A. has filed three appeals as a self-represented litigant. In our opinion resolving his first appeal, we detailed these appellate rules of procedure and explained how M.A. failed to comply with them and the consequences.

## II.

### *M.A. Has Not Shown the Family Court Lacked Jurisdiction*

M.A. asserts that the arrears order is erroneous because the family court lacked both subject matter jurisdiction over the property at issue and personal jurisdiction over M.A. Where the evidence is not in dispute, we review issues of subject matter and personal jurisdiction de novo. (*Corrales v. California Gambling Control Com.* (2023) 93 Cal.App.5th 286, 302 [subject matter jurisdiction]; *Casey v. Hill* (2022) 79 Cal.App.5th 937, 962 [personal jurisdiction].)

As to subject matter jurisdiction, M.A. argues the real property referenced in the MSA's child support terms, i.e. the family home, is trust property falling under the jurisdiction of the probate court. But title to, or ownership of, the home has never been an issue with respect to the child support and/or arrears orders. The home was only ever relevant to the child support order to the extent M.A. was to meet his child support obligation by paying a certain amount of that obligation in the form of the mortgage and related expenses. And, certainly, the family court maintained subject matter jurisdiction over issues of child support and resulting arrears. (Fam. Code,[4] § 2010, subd. (c) [family court has jurisdiction over child support]; *id.* at § 291, subd. (a) [order for child support remains enforceable until satisfied].)

As to personal jurisdiction, at the hearing regarding arrears, DCSS stated it personally served M.A. with its motion on November 9, 2024. It filed a proof of service indicating service took place in Escondido, California. M.A. argues he was not personally served with DCSS's motion, as personal service was impossible because he was out of state at the time of service. But

---

[4] Further unspecified statutory references are to the Family Code.

he has not presented any evidence, either here or in the trial court, that, on November 9, 2025, he was not in Escondido, California.

### III

### *M.A. Has Not Shown the Family Court Erred*

On appeal, orders on child support arrears are reviewed for abuse of discretion. (*S.C. v. G.S.* (2019) 38 Cal.App.5th 591, 598.) "Under an abuse of discretion standard, we review the trial court's legal conclusions de novo and its factual findings for substantial evidence, and we reverse its application of the law to the facts only if it was arbitrary and capricious." (*Swan v. Hatchett* (2023) 92 Cal.App.5th 1206, 1215; *County of San Diego v. P.B.* (2020) 55 Cal.App.5th 1058, 1068.)

M.A. argues the arrears order is erroneous because the underlying MSA, through which child support was ordered, is invalid for multiple reasons. But he did not timely move to set aside either the entire dissolution judgment, which incorporated the MSA, or the child support order. (See §§ 2122 [establishing grounds and time limits for moving to set aside judgment], 3691 [establishing grounds and time limits for moving to set aside support order].)[5] Thus, the child support order remains in effect.

_____

[5] M.A. filed a motion to set aside the child support order in May 2024, more than three years after judgment of dissolution was entered in accordance with the original terms of the MSA and almost two years after the parties' stipulated to clarify the terms of the MSA with respect to the support order. He has not shown he did not know of, or could not have discovered, grounds for a set-aside motion earlier. We recognize that on August 29, 2022, the same day M.A. signed the stipulation clarifying the MSA, he also signed an affidavit indicating he signed the stipulation under duress. While a motion to set aside a judgment based on duress may be filed within two years of entry of judgment (§ 2122, subd. (c)), M.A.'s set-aside motion was filed beyond this deadline. And a motion to set aside the child support order is governed by section 3691, which does not include duress as a ground to set

M.A. further argues he could not have been in arrears because he actually overpaid the total he owed C.G. He identifies several expenses he allegedly paid on C.G.'s behalf, including payments toward home, auto, and student loans, and suggests these payments should be credited toward his child support obligation. But he does not cite anything in the record proving he paid these amounts or that he is entitled to credit them toward his child support obligation.

Last, M.A. argues the arrears order violates the constitutional prohibition against involuntary servitude, debt peonage, and imprisonment for debt. However, "[f]amily support obligations are not ordinary debts subject to the constitutional prohibition of imprisonment for debt." (*Moss v. Superior Ct.* (1998) 17 Cal.4th 396, 422.)

aside a support order.

## DISPOSITION

The February 26, 2025 order on arrears is affirmed.  C.G. is entitled to her costs on appeal.  (Rules 8.278(a)(2) and (a)(5).)

DO, Acting P. J.

WE CONCUR:


BUCHANAN, J.


CASTILLO, J.